THURBER & STEVENSON *v.* TOWNSEND & WILBUR.

Upon an appeal from an inferior court under § 344 of the Code to the Supreme Court, the latter possesses no other powers than formerly upon a writ of error.

Accordingly, upon appeal from a Mayor's Court to the Supreme Court, the latter cannot reverse the judgment, because the jury have given excessive damages; such errors are to be corrected in the court of original jurisdiction.

The acts of 1848 and 1849, to protect the rights of married women, are not liable to objection, as impairing the obligation of a contract, because they defeat the expectation which the father of a living child had, previous to those acts, of being tenant in curtesy in lands acquired by his wife during coverture, and subsequent to those acts.

APPEAL from the Supreme Court. Action of ejectment in the Mayor's Court of the city of Albany, by Margaret Thurber, a married woman and another, not her husband. Upon the trial it was proved that the plaintiff, Mrs. Thurber, married in 1833, and had a daughter, the issue of such marriage, who was living at the time of the trial, as was her father. The land in question came to Mrs. Thurber, by descent, in 1854. The defendants, for the purpose of upholding a lease under which they claimed, and which was made by Mrs. Thurber's husband, asked the court to charge the jury that Mr. Thurber, by his marriage and the birth of a child, acquired an estate by the curtesy in the land of his wife, which could not be defeated by the legislature. The court charged to the contrary, and the defendant took an exception. The jury found a verdict for the plaintiffs, and gave damages for withholding the possession of the premises, which, it may be assumed, were unwarranted

by any evidence, being $450. The defendants appealed to the Supreme Court, which, at general term in the fourth district, affirmed the judgment, provided the plaintiffs should stipulate to reduce the damages to $300, otherwise the judgment was reversed, and a new trial ordered. The plaintiffs refused to stipulate, and appealed to this court.

*Edward F. Bullard,* for the appellants.

*John H. Reynolds,* for the respondents.

SELDEN, J. It appears from the record in this case, that the judgment of the Mayor's Court was reversed by the Supreme Court for error in fact; and the circumstances of the case, together with the nature of the judgment rendered by the Supreme Court, show that the real ground of reversal must have been an excess on the part of the jury in their assessment of damages. The appeal from the Mayor's Court to the Supreme Court was taken under section 344 of the Code, and the question arises whether, upon this appeal, the Supreme Court had a right to reverse the judgment for such a cause. If that court had the power, then a further question would arise, whether this court could review its decision in that respect; but if it had not the right to reverse for that reason, then, of course, its judgment must be reversed here, and that of the Mayor's Court affirmed.

The nature and scope of this appeal is not defined by the Code. Section 344 is entirely silent as to the effect of the appeal, which it authorizes. This, therefore, must depend upon the general rules applicable to the review of causes brought from inferior courts, and upon the analogies of the law. Prior to the Code, the mode of reviewing the judgments of Courts of Common Pleas and Mayors' Courts was by writ of error from the Supreme Court. By section 323 of the Code, writs of error are abolished, and the sections immediately following proceed to substitute the remedy by appeal. Where there are no special provisions giving to this remedy a broader

Thurber v. Townsend.

and more comprehensive scope, the power of review which it confers must, I apprehend, be the same as that formerly obtained by writ of error. I can see no reason why it should be other or greater.

It is very clear that the Supreme Court had no power, upon a writ of error to a Court of Common Pleas or Mayor's Court, to reverse the judgment of the court below upon the ground that the verdict of the jury was against the weight of evidence. It was only errors of the court and not of the jury which it had power thus to correct. It was a well settled rule that all errors of the jury must be corrected in the court where the trial was had. It is true the Supreme Court could, upon writ of error, take cognizance of errors of fact as well as of law. (*Arnold* v. *Sandford*, 14 John, 417.) But it was only errors of the court whether in fact or in law which could be thus reviewed, cases where, in consequence of some fact unknown or unnoticed, some irregularity had occurred in the proceedings; such as permitting a married woman or an infant to appear by attorney.

The proper mode of correcting any error of the jury in this case, was by motion in the Mayor's Court to set aside the verdict and for a new trial, which motion that court was authorized to entertain, and the decision of that court upon the subject would have been final. It was held in *ex parte Bassett*, (2 Cow., 458), that the Supreme Court had no power to review in any form the action of a Court of Common Pleas, after it had set aside a referee's report, upon the ground that it was against the weight of evidence. It was considered a question of discretion with which the Supreme Court could not interfere, except in an extreme case, where the evidence was all on one side. The setting aside of a verdict on account of excessive damages, which is still more clearly discretionary, cannot, therefore, for the same reason, be open to review. If, then, the Supreme Court could not review the action of the Mayor's Court, provided that court had itself set aside the verdict upon motion, as against evidence, or for excessive damages, much less could they proceed to pass directly upon the propriety of

the verdict, without the question ever having been submitted at all to the court below. It is clear, therefore, that the Supreme Court erred in assuming to reverse the judgment upon that ground. Its order would, nevertheless, be affirmed, if the record disclosed any error of law which would have justified that court in reversing the judgment of the Mayor's Court; but upon examination, I can discover no such error.

The judgment of the Supreme Court must be reversed, and that of the Mayor's Court affirmed.

All the judges concurring,

Judgment reversed.