GORHAM F. BAKER et al., Respondent, *v.* CHARLES W. REMINGTON, Appellant.

The Supreme Court have no jurisdiction to review, on appeal, an order granting a new trial, made by the city court of Brooklyn, in an action brought therein.

By the true construction of the act of 1850 (Laws of 1850, chap. 102), an appeal to the Supreme Court at General Term, from that court. can be taken only from a final judgment, upon which appeal an intermediate order necessarily affecting the judgment can be reveiwed.

The jurisdiction was not enlarged by the subsequent amendment of section 344 of the Code made in 1860 authorizing appeals, from orders made by a county court or county judge.

Accordingly,—*Held*, that a reversal by the General Term of the Supreme Court of an order of the city court of Brooklyn, granting a new trial on, the ground of newly discovered evidence, must, on appeal to this court, be reversed for want of jurisdiction.

The city court of Brooklyn, as a court of civil jurisdiction, is a court of record with jurisdiction unlimited, in amount, and possesses all the powers

and authority in relation to actions therein, possessed by the Supreme Court as to actions there brought.

(Argued March 21st; decided April 4th, 1871.)

THIS is an appeal from an order of the General Term of the Supreme Court in, the second judicial district, reversing an order of the city court of Brooklyn vacating and setting aside a judgment in this action, in favor of the plaintiffs, on the ground of fraud, in that the same was procured by false testimony as to a material issue on the part of the plaintiffs, and on the ground of excusable surprise; and for a new trial on the ground of newly discovered evidence upon a material issue.

*Samuel Hand* (*Samuel A. Noyes* with him), for appellant.

*Amasa J. Parker*, for the respondents. The remedy of the defendant is by action, and not by motion. (*Farrington* v. *Bullard*, 40 Barb., 512.) The courts will, perhaps, stay the execution of a judgment obtained in this way, but such an order would only be granted in an action in equity for relief; such has been, and is now the practice. (*Peck* v. *Hiller*, 30 Barb., 655; *Sheldon* v. *Stryker*, 42 id., 287; *Case* v. *Shepherd*, 1 Johns. Cas., 245; *Jackson* v. *Chase*, 15 Johns., 354; *Hastings* v. *McKinley*, 3 Code R., 10; *Jackson* v. *Fassett*, 9 Abb., 137.) The City Court of Brooklyn is an inferior court, and of limited jurisdiction. (*Simmons* v. *De Barre*, 8 Abb., 269; Const., art. 6, §§ 3, 14.) The Supreme Court, only, has general jurisdiction. (Laws, 1849, 170, § 2; id., 1850, 148.) It has been doubted, even, whether the Supreme Court has a right to hear and determine a motion granting a new trial, after judgment has been entered on the verdict. (*Stilwell* v. *Staples*, 4 Robt., 639; *Folger* v. *Fitzhugh*, 41 N. Y., 231; *Gurney* v. *Smithson*, 7 Bosw., 400.) It was a matter of discretion; and an order granting or denying a motion to set aside a judgment is not appealable to this court. (*Sherman* v *Felt*, 2 Comst., 186; *Dunlap* v. *Edwards*, 3 id., 341; *Kurz* v. *Merchants' Co.*, 1 Seld., 547; *Wakeman* v. *Price*, 3 Comst.,

334.) It is not a substantial right. (*Foote* v. *Lathrop*, 41 N. Y., 358; *Morgan* v. *Skidmore*, Ct. App., 1871.) As to setting aside the verdict, on the ground of newly-discovered evidence, see *People* v. *Superior Court* (10 Wend., 285); *Shumway* v. *Fowler* (4 Johns., 425); *Duryea* v. *Denison* (5 id., 248); Graham & Waterman on New Trials, vol. 3, pp. 1030, 1035; *Tripler* v. *Eberhart* (5 Robt., 609). No reasonable diligence was exercised. (*Levy* v. *Roberts*, 8 Abb., 310; *Floyd* v. *Jayne*, 6 Johns. Ch., 482.) The new evidence was impeaching. (*Brown* v. *Hoyt*, 3 Johns., 255; *Harrington* v. *Bigelow*, 2 Denio, 109. *Beach* v. *Tooker*, 10 How., 297; *Meakin* v. *Anderson*, 11 Barb., 215.) The new evidence is strictly cumulative. (*Levy* v. *Roberts*, 8 Abb., 310; *Brisbane* v. *Adams*, 1 Sandf., 195; *Adams* v. *Bush*, 23 How., 262.)

ALLEN, J. Whether the order of the city court was properly reversed upon the merits need not be considered, if I am right in my views of the jurisdiction of the Supreme Court. The city court of Brooklyn as a court of civil jurisdiction is a court of record, with jurisdiction unlimited in amount. It possesses all the powers and authority in relation to actions, and the process and proceedings therein, as are possessed by the Supreme Court, and the practice of the Supreme Court is made applicable to and binding upon it. (Chap. 125 of Laws of 1849.) Appeals may be taken from any judgment or final determination of that court, and from any intermediate order involving the merits, and necessarily affecting the judgment, to the Supreme Court, and all the provisions of law relative to appeals, from courts of inferior jurisdiction to the Supreme Court, apply to appeals from that court. (Chap. 102 of Laws of 1850, § 1.) At the time of the passage of this act no appeal was given to the Supreme Court from orders made by an inferior court, and the effect of the reference to the statutes relating to such appeals, was to adopt and apply to appeals from judgments in the city court of Brooklyn, the provisions of law as to the mode and manner

of perfecting an appeal, and the giving security and prescribing the effect of the appeal.

The act of 1850, gave the appeal and declared the cases in which it might be brought. The appeal given was from a judgment with the power incidentally to review any intermediate order involving the merits, and necessarily affecting the judgment. No appeal from an order was given, except in connection with an appeal from a judgment. This right of appeal has not been enlarged by any subsequent statute. The Code was amended in 1860 by adding a clause to section 344, which gave an appeal from judgments rendered by a County Court, or by the mayor's courts or the recorder's courts of cities, by authorizing appeals from an order affecting a substantial right made by a County Court or a county judge. Orders made by mayor's or recorder's courts, or by the city court of Brooklyn, are not the subject of an appeal under this amendment. They are carefully excluded by the terms of the act.

The evident intent of the act of 1850 was to give an appeal from final judgments, and a review upon such appeal of intermediate orders involving the merits and affecting the judgment in analogy to the provision authorizing appeals to this court from final judgments of other Courts. (Code, § 11.)

The Supreme Court had no jurisdiction to entertain this appeal. There was no judgment from which an appeal could have been taken, and it follows that there was no appeal from a judgment, and an intermediate order affecting the judgment, within the terms of the statute. The several chapters of the Code regulating appeals prescribe the cases in which, and the orders and judgments from which, appeals may be taken; and while appeals from orders are allowed from the Special Terms to the General Terms of the same court, and in certain cases from the Supreme and other courts to this court, no such appeals are given to the Supreme Court from inferior courts, except from a specified class of orders made by a county court or a county judge. The order of the Supreme Court reversing the order of the City Court of Brooklyn must

be reversed, and the order of the latter court affirmed, for the reason stated. If the merits were before us for review, we should incline to the same result regarding the granting of a new trial, for the cause alleged, under all the circumstances, a just exercise of the power vested in the City Court.

The Supreme Court has given the statute a different construction, and entertained appeals from orders of a like character made before the entry of a judgment, upon the ground the words, " necessarily affecting the judgment," might fairly be construed as applying as well to a judgment to be rendered as to one already entered. We think we have given the statute the interpretation and effect which the plain and obvious meaning of the language demand, and that if it is defective, the remedy is with the legislature. *Thurber* v. *Townsend* (22 N. Y., 517), is in point to sustain these views.

The order should be reversed, and that of the City Court affirmed, with costs.

All concur.

Order reversed.