JOHN REILLEY, Appellant, *v.* THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, Respondent.

The Supreme Court has no power to reverse a judgment of the County Court on the ground that the damages were excessive.

*It seems* the only way such an error may be corrected is by motion in the County Court for a new trial.

*It seems*, also, that the provision of the Code of Civil Procedure (§ 1342), which authorizes an appeal to the Supreme Court from an order of a County Court affecting a substantial right, does not give to the former court the power to review an order of the County Court denying the motion for a new trial.

Conceding this to be otherwise, it will not avail, on appeal from the judgment, when no order was entered in the County Court denying the motion.

(Argued April 16, 1886; decided June 1, 1886.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made November 28, 1884, which reversed a judgment of the County Court of Albany county and granted a new trial.

The nature of the action and the material facts are stated in the opinion.

*Amasa J. Parker* for appellant. The General Term of the Supreme Court has no power to review a question as to excessive damages on an appeal from a County Court. (*Thurber* v. *Townsend*, 22 N. Y. 517, 519; *Ex parte Bassett*, 2 Cow. 458; *Bowen* v. *Widmer*, 12 Week. Dig. 525; *Wavel* v. *Wiles*, 24 N. Y. 635; *Meyers* v. *Riley*, 21 Week. Dig. 280; *Smith* v. *Platt*, 96 N. Y. 636; *Stebbins* v. *Cowles*, 30 Hun, 523; *Lawrence* v. *Ely*, 38 N. Y. 42, 44; *Selden* v. *D. & H. R. R. Co.*, 29 id. 634; *Young* v. *Davis*, 30 id. 134; *Sherman* v. *Felt*, 2 Comst. 186; *Vandewater* v. *Kelsey*, 1 id. 533; *Marvin* v. *Seymour*, id. 535; *Fort* v. *Bard*, id. 43; *Rice* v. *Floyd*, 4 How. Pr. 27; *Dunham* v. *Watkins*, 2 Kern. 556, 560.) The Supreme Court, having no power to reverse the judgment of the County Court for a supposed error of the jury, it is the duty of this court to reverse the judgment of the Supreme Court. (*Baker* v. *Remington*, 45 N. Y. 323.) An appeal cannot be taken till after the entry of the order or judgment appealed from. (1 Bliss' Code, 990, note 6; *In re N. Y. C. R. R. Co.*, 60 N. Y. 112; *Bradley* v. *Van Zandt*, 3 Code Rep. 217.)

*Edwin Young* for respondent. The appeal from the County Court order, refusing a new trial on the ground of excessive damages, was properly reviewable by the General Term, as the court of last resort. (Code of Civ. Pro., § 1342; *In re Duff*, 10 Abb. Pr. [N. S.] 421, 424; *People* v. *N. Y. C. R. R. Co.*, 29 N. Y. 421, 423; *Suydam* v. *G. S. & P. R. R. Co.*, 17 Abb. Pr. 304.) It is a matter for the discretion of the General Term whether or not to set aside a verdict as excessive. The exercise of this discretion is not reviewable here. (*Peck* v. *N. Y. C. &*

*H. R. R. R. Co.*, 70 N. Y. 587 ; *Campbell* v. *Page*, 50 id. 658 ; *Hayes* v. *Ball*, 72 id. 419, 424 ; *Gale* v. *N. Y. C. & H. R. R. R. Co.*, 76 id. 594 ; *Oldfield* v. *N. Y. C. & H. R. R. R. Co.*, 14 id. 310 ; *Wright* v. *Hunter*, 49 id. 409–10 ; *Sands* v. *Crook*, id. 564 ; *Dickson* v. *B. & Seventh Ave. R. Co.*, 47 id. 507 ; *Downing* v. *Kelly*, 48 id. 433 ; *Harris* v. *Burdett*, 73 id. 136 ; *Bronk* v. *N. Y. & N. H. R. R. Co.*, 95 id. 656 ; *Whilson* v. *David*, 81 id. 645 ; *Snebley* v. *Connor*, 78 id. 218 ; *Cushman* v. *Brundrett*, 50 id. 296 ; *Vermilyea* v. *Palmer*, 52 id. 471 ; *Macy* v. *Wheeler*, 30 id. 231.) The verdict was excessive upon the clear weight of evidence, and the General Term were justified in granting a new trial upon this ground. (*Hamilton* v. *Third Ave. R. R. Co.*, 48 How. Pr. 50 ; 53 N. Y. 25 ; *Clapp* v. *H. R. R. Co.*, 19 Barb. 461 ; *Hibbard* v. *N. Y. & E. R. R. Co.*, 15 N. Y. 457 ; *Townsend* v. *N. Y. C. & H. R. R. R. Co.*, 56 id. 295 ; *Hasbrouck* v. *D. & H. C. Co.*, 32 Hun, 642 : *Tarbell* v. *R. R. Co.*, 34 Cal. 617.)

Rapallo, J. This action was brought in the County Court of Albany county to recover damages for ejecting the plaintiff from the defendant's cars. The plaintiff had a verdict for $1,000 damages. At the close of the trial the defendant's counsel moved the county judge, on the minutes, for a new trial, on the grounds that the damages were excessive and that the verdict was against the weight of the evidence. The motion was denied and an exception taken. No order denying the motion was entered. Judgment was entered in the County Court upon the verdict, and an appeal from the judgment and from the decision of the county judge, denying a new trial, was thereupon taken to the General Term of the Supreme Court, where the judgment was reversed and a new trial ordered, on payment by the defendant of the costs of the trial, on the sole ground that the damages were excessive. From that judgment of the Supreme Court plaintiff now appeals to this court, claiming that the Supreme Court had no power to reverse the judgment of the County Court on the ground that the damages were excessive.

It has been several times decided by this court that the General Term of the Supreme Court had no power under the Code of Procedure to reverse the judgment of an inferior court on the ground of excessive damages, but could only review questions of law decided by those courts. (*Thurber* v. *Townsend,* 22 N. Y. 517.) It was said in that case that it was only errors of the court and not of the jury which the Supreme Court had the power to correct, and that the only way in which such errors could be corrected was by motion in the inferior court for a new trial, and that the decision of that court upon the subject would be final, the setting aside of a verdict on account of excessive damages being discretionary. To the same effect is the case of *Baker* v. *Remington* (45 N. Y. 323), where an appeal was taken to the Supreme Court from an order of the City Court of Brooklyn, granting a new trial on the ground of newly-discovered evidence (See, also, *Wavel* v. *Wiles,* 24 N. Y. 635; *Smith* v. *Platt,* 96 id. 635, 636); and the general rule is well settled that the decisions of one court resting in discretion are not reviewable in another unless such review is specially authorized by law.

The respondent contends, however, that the rules laid down in the cases cited are changed by section 1342 of the Code of Civil Procedure, which provides that " an appeal may be taken to the Supreme Court from an order affecting a substantial right, made by the court or a judge, in an action brought in a court specified in the last section but one " (which includes a County Court).

Even if this provision could be held to authorize a review by the Supreme Court of an order of a County Court, denying a motion for a new trial on the ground of the excessiveness of the damages, it would not avail the respondent on this appeal, because no order was entered in the County Court denying the motion for a new trial (*In re N. Y. Cent. R. R. Co.,* 60 N. Y. 112; *Bradley* v. *Van Zandt,* 3 Code Rep. 217; Code of Civ. Pro., § 1343); and the exception taken to the decision, denying the motion on the minutes, was not an exception to a ruling upon the trial, and presented no point for review. The

judgment of the General Term now appealed from purports to reverse the judgment of the County Court and grant a new trial.

But we do not think that, even if an order had been entered in the County Court and appealed from, the provision of the Code of Civil Procedure changed the former rule, or was intended to give jurisdiction to the Supreme Court to review the exercise of the discretion of an inferior tribunal.

The order of the General Term should be reversed, with costs.

All concur.

Order reversed.