Follett, J.
Persons with carriages, meeting on a highway in the state of New York, must turn their carriages to the right of the centre of the highway and permit each other to pass without interruption. 1 R S., 695, § 1. Presumptively, a liability is incurred by a person who refuses to obey this statute to the injury of another who is free from contributory negligence Simmouson v Stellen *666 merf, 1 Edmonds, 194; Whart. Neg., § 820, h; 1 Thomp. Neg., 383.
It is established by the verdict that defendant’s refusal to obey the statute caused plaintiff’s injuries. Was it negligent for defendant to refuse? The presumption is against him, as above stated, and did he overcome the presumption, are the first questions that arise for consideration.
The defendant testified that at the place of collision the road was narrow, too narrow for the teams to pass. On the contrary, his witnesses who speak on the subject, testified, inferentially or directly, that if each had given half of the road, both could have passed in safety.
This issue of fact, as well as every other contested issue of fact, must be regarded as settled against the defendant by the verdict, unless determined against the weight of evidence, and this issue is clearly determined in accordance with the weight of evidence. • There is no evidence that the weight or magnitude of defendant’s load, or that any fact existed rendering it impossible, unreasonable or even inconvenient for him to give one-half of the road.
Under the evidence and verdict, it must be held that defendant did not overcome the presumption that it was negligent for him to refuse to obey the rule of the statute. This negligent act rendered him liable for the result (the plaintiff not contributing), without bringing into the case defendant’s alleged invitation, advice or direction to turn into the ditch at defendant’s left, and at their right. The plaintiff and her sister-in-law testified that defendant did so direct them, which he denied; but this issue is also settled against the defendant by the verdict, and cannot be overthrown by this court as against the weight of evidence, even if this court has the power to consider this question. Reiley v. The D. and H. C Co., 102 N. Y., 383; 2 N. Y. State Rep., 419; Cramer v. Lovejoy, 5 N. Y. State Rep., 190.
Whether defendant was negligent or not wras fairly submitted to the jury as a question of fact, and in accordance with the rules of law.
Under the evidence and verdict, it is settled, so far as this court is concerned, that defendant’s act was negligent and actionable
Whether the plaintiff negligently contributed to her own injury, was suomitted to the jury as a question of fact, and was found against the defendant, who insists, on this appeal, that this question should have been ruled in his favor as a question of law.
The plaintiff had no control over the horse which drew the wagon in which she and her sister in-law were riding. Her sister-in law owned the horse and wagon and drove. The defendant’s counsel has not called the attention of this *667 ■court to any act committed or omitted by the plaintiff which in the least contributed to the injury, but it is urged that this court should hold as a question of law that the driver negligently contributed to plaintiff’s injury, and that her negligence is, under the evidence, imputable to the plaintiff, and, therefore, she should not have recovered. Whether the acts of the driver were imputable to the plaintiff, is not presented on this appeal, because, first, the question was not raised in the court below; second, the case was tried, from the beginning to the end, by the court, and both parties, upon the theory that the acts of the driver were imputable to the plaintiff, and if either or both negligently contributed to the injury a recovery could not be had. Upon this branch of the case the defendant is forced to stand upon the question that the court should have ruled as a question of law that the driver negligently contributed to the plaintiff’s injury.
In support of this proposition it is strenuously urged that the wagon was not overturned until it had safely passed defendant, and that the driver, instead of continuing to drive in the ditch to the foot of the hill, negligently attempted or permitted the horse to attempt to regain the beaten track immediately upon passing the rear of defend ant’s wagon.
It is useless to discuss whether, if the fact was established, it would have been, as a matter of law, contributory negligence; for whether the accident was caused by turning into or out of the ditch, or by driving along with the right wheels in the ditch and the left, wheels on the edge of the road-bed, was a disputed question.
If an issue was made upon this question, it was settled by the verdict in the plaintiff’s favor. If the question was not put in issue in the court below, it cannot be raised here. The court was not requested to charge that if the jury found the injury was caused by the driver’s negligently turning out of the ditch, the plaintiff could not recover; nor does it appear that the attention of the trial court was called to this question. When the question of plaintiff’s contributory negligence has been tried and determined as one general question of fact by the acquiesence of the trial court and the parties, the defeated party cannot on appeal subdivide the general issue into several special sub-issues, and be heard to argue that one or more of such special sub-issues, to which the attention of the trial court was not called, should have been determined in his favor by the trial court.
The defendant asked the court to charge four propositions bearing upon the question of contributory negligence. The first was sufficiently answered; the second was covered by *668 the charge at folios 310 to 312, and the court was not required to repeat the instruction in the language of counsel; the third was covered by the charge at folios 324 to 327; the fourth assumes an important and disputed question of fact, that is, that plaintiff anti her sister ‘ ‘ heedlessly drove into the ditch. Had the request been to charge that if the jury found they needlessly or negligently drove into the ditch, that the plaintiff could not recover, notwithstanding defendant’s negligence, it would have been sound, and required an affirmative anWer, unless the proposition had been covered by the general charge.
There remains to be considered the rulings upon the reception and rejection of evidence. Those at folios 69, 129, 130, 195, 250 a.nd 255 are so obviously correct that they re- • quire no consideration. The question at folio 150 is obscure and evidently was not understood by the witness, judging from the answer, but the answer was not objected to as irresponsive. No ground of objection to the question is stated, and the ruling was not erroneous under the rule applicable to such a general objection.
Laura Pike testified that as they approached defendant he told them It was good turning out, and motioned to his left and to her right, and turned out his horses enough to turn his forward wheels a trifle. She was allowed, over defendant’s objection and exception, to testify that defendant’s conduct induced her to believe that he was about to give half the road. It is apparent, we think, that this answer could not have harmed the defendant.
This witness was allowed to testify that “she drove carefully.” This was but her opinion, and had the issue been upon the manner of her driving, it would have been a fatal error, but the defendant did not testify, or claim that the witness’s management of the horse was careless or unskillful, except as indicated by the remark, “It looked as though they were driving with a loose rein.”
It was competent for the plaintiff to prove by the physician, that, in his opinion, the present ailments of the plaintiff were caused by the injuries This, in effect, was done by the questions and answers at folios 164 and 168.
We think that no errors were committed which contributed to the defeat of the defendant before the jury, and that the judgment and order should be affirmed, with costs.
Hardin, P. J., and Boardman, J., concur