ELLEN SIMPSON, RESPONDENT, *v.* THE ROME, WATER-
TOWN AND OGDENSBURG RAILROAD COMPANY,
APPELLANT.

*Appeal to the County Court from a justice's judgment — the County Court may allow
an amendment increasing the amount demanded in the complaint.*

The plaintiff having recovered a judgment for $150, in a Justice's Court, the
defendant appealed to the County Court and demanded a new trial.   When
the action was brought on to trial in the County Court the plaintiff moved, and
was allowed, to amend the complaint by increasing the demand for judgment
from $200 to $1,000, and thereafter recovered a judgment for $500.

*Held,* that the County Court had power to amend the complaint by increasing
the amount in the clause demanding judgment, as sections 348 and 3071 of the
Code of Civil Procedure confer upon the County Court power to grant any
amendment which the Supreme Court could allow to pleadings in an action
pending in it.

APPEAL from a judgment of the Niagara County Court, entered
on a verdict, and from an order denying a motion for a new trial,
made upon the minutes of the county judge.

The action was commenced in a Justice's Court to recover damages
for personal injuries alleged to have been occasioned by the negli-

gence of the defendant. The plaintiff there recovered $150. The defendant appealed to the County Court and demanded a new trial. And when the action was brought on to trial the plaintiff moved to amend the complaint by increasing the demand for judgment from $200 to $1,000, which was granted against the objection and exception of the defendant. The plaintiff recovered $500

*Edmund B. Wynn,* for the appellant.

*Joel L. Walker* for the respondent.

BRADLEY, J.:

The power of the County Court to amend the complaint by increasing the amount in the clause demanding judgment from $200 to $1,000 is challenged by the defendant's counsel, and it is contended that no substantial change in the issues and in the demand for relief as presented by the pleadings in the Justice's Court could properly be made in the County Court.

The determination of that question on this review is dependent upon the statute, which provides that "after the expiration of ten days from the time of filing the justice's return the action is deemed an action at issue in the appellate court, and all the proceedings therein are the same as if the action had been commenced in the appellate court, except as otherwise prescribed" in the specified chapter. (Code Civil Pro., § 3071.) And that where the County, Court has jurisdiction of an action it possesses the same jurisdiction power and authority in and over the same, and in the course of the proceedings therein, which the Supreme Court possesses in a like case. (Id., § 348.) These provisions seem to be sufficiently comprehensive to embrace the requisite power of the County Court in such a case to grant any amendment which the Supreme Court could allow to pleadings in an action pending in it; and no qualification in the respect in question is found in the chapter before referred to, as applied to an action taken from the Justice's Court by appeal into the County Court, after it becomes an action at issue in the latter court pursuant to the before-mentioned provision of the statute. The power of the Supreme Court to direct, at the trial of an issue therein, an amendment like that allowed in the case at bar cannot be questioned. And within the jurisdiction of the

County Court the statute seems not to distinguish the power of the two courts in that respect. The question presented upon the application of the plaintiff for the amendment was one of propriety addressed to the discretion of the County Court, and cannot be reviewed here. (*Reilley* v. *D. & H. C. Co.*, 102 N. Y., 383.) The question of the power of the County Court, in an action brought into it by appeal for a new trial from Justice's Court, was considered in *Cramer* v. *Lovejoy* (41 Hun, 581), where it was held to exist. The cases cited by the defendant's counsel do not seem applicable in view of the provisions of the present statute.

It is also contended that the plaintiff was not entitled to recover, because the injury was occasioned not by the fault of the defendant, but was the result of her negligence. It appears that the plaintiff, at Suspension Bridge, took passage on the defendant's cars for Lewiston, having with her a basket and a package of rolls of wall paper. And when the train approached the latter place its arrival was announced by the conductor. The plaintiff arose from the seat and proceeded to and did go out of the car, laid her paper package on the outer end of the car, went down the steps on to the platform of the depot, there set down her basket and turned around and was proceeding to reach for the package of paper when the train started, and she, holding on to the railing on the end of the car, was in an inclined position carried along, her feet dragging on the platform about twenty feet to the end of it, where she fell and received the injury complained of. The negligence charged against the defendant is that a reasonable opportunity for the plaintiff to get off the train with her packages was not afforded to her before starting it.

The circumstances of the occasion following her act of setting the basket on to the platform are not very clearly represented by her evidence. She says that she immediately turned and reached for her package of paper, which was the last she knew until she returned to consciousness after her fall. And the description of the manner that she was carried along and fell is furnished by the evidence of the conductor and station telegraph operator. The latter says that when she attempted to get her package she took hold of the railing of the car and placed one foot on the car step, and his evidence tends to prove that at the time she placed her foot

there the train had started or that it then started. The defendant owed to the plaintiff the duty to give her a reasonable time and opportunity to depart from the car with her packages. And although the evidence is by no means conclusive on that question, it was sufficient for the consideration of the jury. The evidence of the plaintiff tends to prove that she proceeded diligently to leave the train and take her bundles from it, and in doing so did not occupy more than one minute of time; while the evidence of the conductor and the operator was to the effect that the train remained at the station at least two minutes. If the plaintiff went or stepped upon the car to get her remaining package, after the train was in motion, and, as the consequence, was carried along, she was chargeable with contributory negligence, which would defeat her recovery. But the evidence did not require the jury to so find. The conclusion was warranted that the train started while she was attempting to get the package from the end of the car, and thus put her into the dangerous position which the movement of the train placed her. The down grade at that point enabled it to start suddenly on the application of the propelling power.

We are inclined to think that the evidence presented for the determination of the jury, every question essential to the maintenance of the action as one of fact, and that the denial of the motion for nonsuit was not error..

The character of the injuries received by the plaintiff, and whether they were serious in effect, the evidence does not very clearly show, but the question whether or not damages were excessive is not here. (*Reilley* v. *D. & H. C. Co.*, 102 N. Y., 383.

The judgment and order should be affirm

BARKER, P. J., HAIGHT and DWIGHT, JJ., concurred.

Judgment and order affirmed.