Ingalls, J., (dissenting.)
This action was brought by the plaintiff to recover damages for an injury occasioned by his falling upon a public street in Greenbush, which, as he claims, had become dangerous in consequence of an. accumulation of ice which the defendant negligently allowed to remain an unreasonable length of time. The action was tried in the county court, and the jury rendered a verdict in favor of the plaintiff for $475, upon which, judgment was entered in his favor. The defendant made a motion for a new trial in the county court, which was denied; and an appeal has been taken by the defendant from such order. It is insisted by the counsel for the respondent, that this court possessed no authority to review the judgment or order of the-county court upon the merits. This contention seems to be supported by authority. Reilley v. President, etc., 102 N. Y. 383, 7 N. E. Rep. 427; Thurber v. Townsend, 22 N. Y. 517; Baker v. Remington, 45 N. Y. 323, Laws 1888, c. 507, cannot have the effect to confer upon this court authority to review this case upon the merits, because the judgment was entered, and the appeal was brought, before the enactment of said statutes. Ely v. Holton, 15 N. Y. 596; Moore v. Mausert, 49 N. Y. 332. If this court had the power to review the merits, we do not think the defendant presents a case which calls for the-reversal of the judgment, and the granting of a new trial. The evidence is-conflicting, and we are convinced that it does not preponderate in favor of defendant so decidedly as to leave the plaintiff’s case unproved in regard to his entire case, or as to any material question involved therein. In the light of the more recent adjudications upon this subject, it has become a matter of no-little difficulty to determine in this class of cases the nature and extent of the evidence which the plaintiff will be required to produce at the trial in order to render a municipal corporation chargeable with negligence, and therefore liable to respond in damages for an injury occasioned by its neglect to cause ice to be removed from its streets. Such difficulty arises, in a great measure, from the changeable nature of our climate, which is subject to such frequent and sudden alterations of heat and cold, whereby ice is suddenly formed and dissolved. This, however, does not excuse a municipal corporation from the exercise of care and vigilance, in keeping its streets in a reasonably safe condition, by removing ice from its sidewalks, which is necessary to be done in order to render them safe for those who have occasion to use them. In the case we are considering the question was fairly presented whether the ice was allowed to accumulate, and to remain upon the street where the plaintiff fell for such a length of time, and in such quantity, as to render the sidewalk unsafe, and to make the defendant chargeable with negligence in not removing the ice therefrom. The examination of the facts of this case has convinced us that at the trial a fair question of fact was presented for the consideration of the jury, in regard to the defendant’s negligence, and we fail to discover any substantial ground for interference with the verdict rendered, or the judgment entered thereon. This case is distinguishable from a class of cases where the ice forms so near the time when the casualty occurs as to render it apparent that it could not have been removed by the exercise of reasonable care and vigilance on the part of the servants of the municipal corporation, and therefore no liability attaches against the corporation for an injury occasioned by falling upon ice thus formed. Such cases are exceptional, and present a question of law only for the determination of the court. We do not think it can reasonably be said that the plaintiff failed to make a fair case upon the merits; and whether the defendant, by its evidence, overcame such case, becomes a question of fact for the j ury to settle. Dr. W. *78 Parker Pike, a witness for plaintiff, testified: “I was acquainted with the condition of this sidewalk on Harrison avenue, just above the intersection of Broadway, and before the time Gram fell there. It had been icy for some .¡time. Two or three weeks at least. There had been a thaw, and, instead of a ditch or gutter being opened to allow the water to run there, it had run 'over the sidewalk, right around the corner of the building. That froze after it flowed over in that way. My attention was called to it by Mr. Gram at .the time he told me where he fell, and I looked at it when I came up. I had known of its condition before that, from the fact that I stabled my horse on Pirst street, and I always went off on the north side of the street. There had been no appreciable difference in the looks of that sidewalk for three weeks before Gram fell. I don’t think there was any material difference in ¡the atmosphere for about a week. Ho melting that I remember.” The witness Boyland testified: “I know the time he [Gram] fell there it was very cold weather, and severe weather; and that there had been a thaw previous, or just previous, to his falling, and that there was to my knowledge, at the least calculation, from two to two and a half inches of ice on the sidewalk at the time he fell. To the best of my knowledge, the sidewalk had been three or four days in the same condition that it was the morning he fell, without any change. It had been cold during that time; very severe weather.” This witness, upon his re-examination, testified: “There were no ashes on there for two or three days previous to his falling. It might have been longer. Por that time I am positive.” The witness Edwin 8. Brown testified: “I was acquainted with the locality,—the sidewalk on Harrison avenue, just above Broadway. Before Gram had fallen there, it was icy and slippery; frozen full of ice. I couldn’t tell exactly how long before. It was in that shape three or four days,—about four days I think.” Walter Kraft was examined by plaintiff, and testified: “Walter Kraft, sworn for plaintiff, testified: I reside in the Boston Hotel, Broadway, East Albany. I remember ¡that Gram was injured by falling .on the sidewalk. I heard of it about fifteen minutes after he fell. The sidewalk on Harrison avenue, at the intersection ,of Broadway, was pretty icy at that time. At time of his falling it was very icy. Before that it had been icy, you might say, all winter; but there had been a thaw five or six days before that, and the water had gone where it was a mind to,—right over the gutter and drains. It had been frozen after a thaw. There was no change after the water flowed over it, and had frozen. There was cold weather that day. Question. How was it for the week before? Answer. There had been a light rain, and froze up sudden. After the rain and freezing there was continuous cold weather down to and until after this accident. It had been cold four or five days certain. Q. Had there been any ashes or sand during that four or five days put on there? A. I think I saw some sawdust on there a little while, but it Mowed off. That was two .or three days before he fell. Q. Had there been any sand or gravel on there after the thaw, and after the freezing, down to the time he fell? A. I think not, unless there was sawdust, and that Mowed off. By the Court. Q. As I understand you, there was a rain that produced a thaw? A. A sort of small thaw. It made the water run over the walk. Q. And it froze up suddenly, and continued cold and frozen up four or five days, down to this accident? A. Yes, that is what I mean.” The defendant endeavored, by the cross-examination of such witnesses, and by the testimony of other witnesses which the defendant produced, to overcome the case made by the plaintiff; and was so far successful as to create a fair question of fact upon the merits of the entire case, for the jury to determine whether the injury of which the plaintiff .complained was caused by the negligence of the defendant, in allowing such sidewalk to become in a dangerous condition in consequence of an accumulation of ice, and by allowing it to so remain for an unreasonable length of time. We conclude that the verdict rendered by the jury was so far sup *79 ported by the evidence that this court should not interfere with the judgment entered thereon. Hart v. Bridge Co., 80 N. Y. 622; Payne v. Railroad Co., 83 N. Y. 572. It appears by the case that the county judge who presided at the trial heard an argument by the counsel upon both sides upon the motion to set aside the verdict, and denied the same. We think the decision was correct, and should be sustained. We discover nothing in the conduct of the plaintiff, as disclosed by the evidence, which should charge him with contributory negligence. He was not to be excluded from the use of the sidewalk, because the defendant negligently allowed it to become and remain in a dangerous condition. ETothing in the evidence indicates that the plaintiff did not take every reasonable precaution to prevent falling. At all events, the jury determined that question favorably to the plaintiff, and their verdict in that respect is sustained by the evidence. We have examined all of the exceptions taken by the defendant’s counsel upon the trial, and discover no error which should induce this court to reverse the judgment; and the same should be affirmed, with costs.