MICHAEL WOLLUNG, Respondent, *v.* JANE AIKEN, *et al.*, Appellants.

*Supreme Court, Fifth Department, General Term, June 22, 1889.*

1. *Mortgage. Foreclosure. Resale.*—An application for a re-sale of the mortgaged premises, on foreclosure, is addressed to the discretion of the court, where no legal error is pointed out, and the sale was conducted with strict regularity.

2. *Appeal. Discretionary order.*—An appeal does not lie to the general term of the supreme court from an order of the county court resting in its discretion, though affecting a substantial right.

Appeal from an order of the county court, in a foreclosure action, denying a motion to set aside a sale of the premises under the judgment.

*Tracy Becker*, for appellants.

*E. L. Parker*, for respondent.

BARKER, P. J.—We discover no error or irregularity on the part of the plaintiff, in the proceedings, subsequent to the entry of judgment. The premises were purchased by the defendant, Mrs. Aiken, on her bid of $1,900, which is about one-half of their market value. She is the beneficiary named in the trust deed, referred to in the affidavits.

The defendant, Aiken, the husband of the purchaser, does not live and cohabit with his wife, and he intended to be present at the sale and bid for the same their full market value; but he was misled as to the place of the sale, as he states in his affidavit, and failed to be present for that reason. His statement, in this respect, we receive as truthful. Indeed, it is not disputed by the plaintiff or the purchaser.

The circumstances of the case, as disclosed by the affida-

vit, are such, that the county court could have, with the greatest propriety and justice, ordered a resale. The purchase money will no more than pay the mortgage and costs of foreclosure, and the title to the premises which was vested in the trustee is gone, and the trust terminated. But as no legal error has been pointed out, and the sale was conducted with strict regularity, the application for a resale was addressed to the discretion of the court. The moving parties ask for relief as a matter of favor.

Under the provisions of section 1342, allowing an appeal to be taken to this court from an order of the county court, affecting a substantial right, does not include an order resting in the discretion of that court, and this court is without power to review orders made in that class of cases. This court can only reverse for error of law committed by the court below.

A few of the cases sustaining this rule are cited. Thurber *v.* Townsend, 22 N. Y. 517 ; Reilley *v.* President, etc., 102 Id. 383 ; 2 N. Y. State Rep. 419 ; Stebbins *v.* Cowles, 30 Hun, 523 ; Wavel *v.* Wiles, 24 N. Y. 635 ; Tanner *v.* Marsh, 53 Barb. 438 ; Osborn *v.* Nelson, 59 Id. 379 ; Bowen *v.* Widner, 12 Week. Dig. 525.

The order should be affirmed, with ten dollars costs and disbursements, to be paid by the defendant Aiken.

All concur.