Barker, P. J.
For reasons which I will briefly state I think this appeal cannot stand. The appellant makes but one point, and that is that the cause of action set out in the complaint was not proved, and the plaintiff should have been nonsuited. He contends that the cause of action proved was upon contract, and the one alleged in the complaint was in tort. It is a well-settled rule, as'stated by the learned counsel for the appellant, that the character of the action must be determined by the complaint; and also, if the same states a cause of action ex delicto, it is not competent for the court on the trial to convert it into one ex contractu. Neudecker v. Kohlberg, 81 N. Y. 296. It may be conceded, for the purposes of this appeal, that the complaint, before it was amended on the trial, stated a cause of action ex delicto only. I think, however, that the amendments which were allowed on the trial, on the motion of the appellant, permitted a recovery for a cause of action for goods sold and delivered. The plaintiff was permitted to prove, without objection, the sale and delivery of the goods described in the first count at a fixed and agreed price to be paid therefor by the defendant, and he then rested his case. The defendant offered no proofs. He thereupon moved to strike out the count alleging fraud, which was granted without objection being interposed by the plaintiff. The court, upon its own motion, ordered that all parts of the complaint alleging fraud be struck out; directing the clerk to make an entry in the minutes to that effect, which was done. To this ruling no exception was taken by either party. The defendant’s counsel then moved to strike out the second count, stating the grounds therefor, and the court in reply to the motion stated that, in order to save all the defendant’s rights, he would hold that the plaintiff could only recover upon a contract of sale, tó which the plaintiff assented, and the defendant took no exception. The counsel for the defendant then moved that the complaint be stricken out so far as it purports to state a cause of action upon contract, on the ground that it does not state facts sufficient to constitute a cause of action. This motion was denied, and the defendant excepted. The motion in this respect should not have prevailed, however defective the complaint may have been in the respect mentioned. If the motion had been granted, the complaint would not have contained any averment whatever indicating a cause of action either in tort or upon contract. The defendant’s counsel then made the further motion that the plaintiff be nonsuited, on the ground that no proof had been given in support of the allegations set forth in the complaint. This was denied, and the defendant excepted. This ruling presents the simple question whether the complaint, after the amendments which had been allowed, stated in form and substance a cause of action for goods sold and delivered. We are of the opinion that it does. It is not distinctly stated in the cause of action first set forth in the complaint before any amendments were allowed that the property agreed to be sold and delivered to the defendant under the executory contract had in fact been. delivered to him, but it is inferentially so alleged; for the right to payment depended upon a delivery, or an offer to deliver. In the subsequent parts of the original complaint a delivery was distinctly averred, and the same remained therein when the proofs were given without any objection being interposed by the defendant. This case was submitted to the jury with a statement to them by the learned county judge that it was conceded by the parties that the property contracted to be sold had been delivered to and received by the defendant, and, if they believed the plaintiff’s evidence, he was entitled to recover. To this charge no exception was taken. The cause seems to have been tried upon the merits, and, in view of the amendments made to the pleadings on the trial, on the defendant’s motion, the plaintiff was entitled to recover upon the executory contract of sale, it appearing that the goods had been delivered as agreed, and the price therefor never paid. Such parts of *306 the original complaint which remained in what is termed the first count after the amendments, and which charged that the defendant wrongfully detained the property, and coverted the same to his own use, may be treated as surplusage. Conaughty v. Nichols, 42 N. Y. 83. The amendments struck from the complaint every distinct averment of wrong or fraud charged upon the defendant, and the remaining averments were such that it may be fairly held to state a cause of action based upon contract.
The refusal to allow an amendment to the answer setting up a counterclaim was not accompanied by proof in any form that the defendant had been misled, and that he would suffer an injury if the application was denied. This ruling- did not deprive the defendant of any strict right, and cannot, therefore, be reviewed in this court if we were of the opinion that the motion should have been granted, as it rested in the discretion of the court below. On an appeal from a judgment rendered in a county court we cannot reverse the same except for legal error. Thurber v. Townsend, 22 N. Y. 517; Reilley v. Canal Co., 102 N. Y. 383, 7 N. E. Rep. 427; Stebbins v. Cowles, 30 Hun, 523; Wavel v. Wiles, 24 N. Y. 635; Osborn v. Nelson, 59 Barb. 375. Judgment and order affirmed. All concur.