MORTIMER F. REYNOLDS, RESPONDENT, *v.* ARTHUR W. LAWTON, APPELLANT, IMPLEADED WITH ANOTHER, DEFENDANT.

*Statute of frauds — a promise to pay one's own debt need not be in writing — a promise for the benefit of a third person — legal conclusion.*

A firm, composed of three persons, Ray, Austin and Bowdish, was indebted to one-Reynolds for rent, at the time when one Lawton bought out the interest of Ray and Austin with a view to continuing the business with Bowdish and, as a part of the consideration for such sale, orally agreed to pay the rent due.

In an action brought by Reynolds against Lawton, based upon this promise, to recover the amount of the indebtedness of the firm to him.

*Held,* that the promise by Lawton was one to pay his own debt to Ray and Austin by paying their debt to the plaintiff, and was, therefore, valid, though not in writing.

That it was a promise made for the benefit of the plaintiff and could be enforced by him.

The defendant was asked by his own counsel: " Did you, in any way, hold your-self out as a partner? "

*Held,* that the question was properly excluded as calling for a conclusion of law.

APPEAL by the defendant, Arthur W. Lawton, from a judgment of the County Court of Monroe county, entered in the office of the clerk of said county of Monroe on the 27th day of March, 1891, upon a verdict for the plaintiff for sixty-six dollars and thirty-two cents, after a trial before the court and a jury.

The action was brought into the County Court by an appeal by the defendant, Arthur W. Lawton, from a judgment rendered by the Municipal Court of Rochester.

*Turk & Barnum*, for the appellant.

*C. J. Bissell*, for the respondent.

DWIGHT, P. J. :

The action was to recover for rent of apartments in the Reynolds Arcade, in Rochester. They had been occupied by a firm composed of three persons, Ray, Austin and Bowdish, doing business under the name of The Arcade Photograph Company. There is evidence to support the plaintiff's theory of the case, viz. : That this copartnership was indebted to the plaintiff for five months' rent at fifteen dollars per month, when the defendant bought out the interest of the two partners, Ray and Austin, in the stock, fixtures and business of the firm, with the consent of Bowdish, and with the view of continuing the business in partnership with the latter ; that in making such purchase, and as part of the consideration of it, he assumed and agreed to pay the rent of the rooms then due to the plaintiff as above mentioned.

This evidence was not uncontradicted, but we are not at liberty to inquire, on this appeal, as to the relative weight of the evidence, for the reason that there was no motion for a new trial in the County Court. (*Reilley* v. *The D. and H. Canal Co.*, 102 N. Y., 383 ; *Boos* v. *World Mut. Life Ins. Co.*, 64 id., 236, 242.) We must, therefore, assume the facts stated to have been found by the jury on sufficient evidence.

Such being the facts, the case seems to be directly within the doctrine of *Lawrence* v. *Fox* (20 N. Y., 268), and to stand upon the best reason which has been given for sustaining an action by a party not privy to the contract, nor its consideration, upon which the action is brought. It is the case of a promise by the defendant to pay his own debt to Ray and Austin by paying their debt to the plaintiff. There has never been any question but that such a promise could be enforced by the person for whose benefit it was made. It was for a good consideration, viz., the transfer of the partnership interest of Ray and Austin; it was not within the statute of frauds because it was a promise by the defendant to pay his own debt in the particular manner specified ; it was solely and directly for the benefit of the plaintiff, and it could be enforced by him under the unquestioned doctrine of *Lawrence* v. *Fox*.

The cases, industriously collected by counsel for the appellant, in which it has been held that the contract was not within the doctrine here applied, were variously distinguishable from the case at bar, and are not within *Lawrence* v. *Fox* by reason of such distinctions.

The instructions as to the effect of defendant's omission to call the other parties to the contract with him, was, we think, properly qualified.

The objection to the question put to the defendant by his own counsel, "Did you, in any way, hold yourself out as a partner?" was properly sustained on the ground, specified on this trial, that it called for a conclusion of law.

There was, we think, no error committed on the trial which vitiates the verdict.

The judgment must be affirmed.

MACOMBER and LEWIS, JJ., concurred.

Judgment of County Court of Monroe appealed from affirmed, with costs.