## SEIFFERT *v.* CAVERLY.

*(Supreme Court, General Term, Fifth Department.   June, 1892.)*

OPENING DEFAULT—DISCRETION OF COURT—REVIEW.

    A motion to open a default, and set aside a judgment dismissing a complaint, by reason of plaintiff's failure to appear, is addressed to the discretion of the court, and, having been denied by the county court, such exercise of discretion cannot be reviewed by the supreme court.

Appeal from Erie county court.

Action by Catherine S. Seiffert against Richard Caverly. From an order denying plaintiff's motion to open a default judgment dismissing the complaint, plaintiff appeals. Affirmed.

For order denying motion to dismiss appeal, see 15 N. Y. Supp. 160, *mem.*

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*O. C. De Witt,* for appellant.   *Charles E. Forsyth,* for respondent.

LEWIS, J.   This action has suffered many vicissitudes and calamities. It was commenced in the month of December, 1888, in the Erie county court. When it was reached upon the calendar, the plaintiff failed to appear, and the complaint was dismissed, and judgment for costs was entered against the plaintiff. Upon motion, the default was opened, the cause was again placed upon the calendar, and the complaint was dismissed a second time. Again a a motion to open the default was made and granted, but, terms being imposed, the plaintiff appealed to this court from so much of the order as imposed terms, and that part of the order was refused because of an error in the service of the notice of trial. Intermediate the granting of the last-mentioned order and the decision of the appeal, the case was again put upon the calendar, and a day fixed for its trial by consent of the plaintiff. She failed to appear at the time fixed, and her complaint was again dismissed, and judg-

ment entered for costs. A motion was made by plaintiff to open the default, and set aside the judgment; the motion was denied by the county court, and this appeal was taken. The record shows that plaintiff's counsel has been very active in efforts to prevent the case from being tried, but has been exceedingly unfortunate in being present in court when the case was reached from time to time. The last dismissal was entirely regular. The plaintiff's reasons for not being present in court were submitted to the county court, and were deemed insufficient, and the motion was denied. It was a motion addressed to the discretion of that court, and we cannot review its decision. *Myers* v. *Riley*, 36 Hun, 20; *Prior* v. *Prior*, 41 Hun, 613. The county court being an independent tribunal, this court cannot interfere with the exercise of its discretionary powers. *Stebbins* v. *Cowles*, 30 Hun, 523; *Wollung* v. *Aiken*, (Sup.) 6 N. Y. Supp. 331. The order appealed from should be affirmed, with $10 costs and disbursements of this appeal. All concur.