TARRYTOWN & IRVINGTON UNION GASLIGHT CO. *v.* BIRD *et al.*

(*Supreme Court, General Term, Second Department.* July 22, 1892.)

1. ILLUMINATING GAS—EVIDENCE OF QUANTITY AND QUALITY—METER.
   In an action to recover for illuminating gas, defendants may show that the gas went out by air passing through the tubes, as affecting both the quantity and quality consumed; defendants being liable for gas only, and the meter not being conclusive as to quantity.

2. APPEAL—OBJECTIONS NOT RAISED BELOW.
   Where plaintiff failed to ask the court below to direct a verdict, it cannot on appeal raise the point that the evidence conclusively establishes its right to the amount sued for.

Appeal from county court, Westchester county.

Action by the Tarrytown & Irvington Union Gaslight Company against James Bird, John J. Vanderbilt, and Warren C. Brown, as trustees of Solomon's Lodge No. 196, Free and Accepted Masons, of Tarrytown, N. Y., to recover $726.15 for gas alleged to have been consumed by defendants as shown by the meter. From a judgment of the county court on a verdict in favor of plaintiff for $354.55 damages and $42.94 costs, and from an order denying plaintiff's motion for a new trial on the minutes, plaintiff appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and CULLEN, JJ.

*Henry C. Griffin*, for appellant.    *Geo. C. Andrews*, for respondents.

CULLEN, J. This is an appeal from a judgment of the county court entered upon the verdict of a jury. This court cannot set aside the verdict as against the weight of evidence, (*Thurber* v. *Townsend*, 22 N. Y. 517,) nor can the plaintiff here raise the point that the evidence conclusively established its right to recover the full amount claimed, for it did not ask the court to direct the verdict in its favor. The question could only be raised by such an application, and an exception to the court's refusal to grant it.

The exceptions to the admission of evidence are not well taken. The answer put in issue both the quality and the quantity of the gas furnished. The meter was not conclusive on the question of quantity. *Sickles* v. *Gaslight Co.*, 64 How. Pr. 33. It was competent to show that the gas went out by air passing through the tubes, on both questions of quantity and quality, for the defendants were to pay for gas, not air. The acceptance of the gas did not preclude the defendants from showing a breach of the implied warranty as to its quality, because the defects could not be discovered until the gas was burned.

The judgment appealed from should be affirmed, with costs.