HENRY C. PHELPS, Respondent, *v.* LUCIAN ROWE, Appellant.

*Oral promise to pay out of an assigned claim a debt of the assignor to a third person — not void under the Statute of Frauds.*

Where a person, being under no legal obligation to do so, transfers a claim to another upon the oral condition that the assignee will, out of the moneys collected thereon, pay the indebtedness of the assignor to a third person, and the assignment is accepted upon that condition, the promise is not void under the Statute of Frauds, and the assignee, upon the collection of the claim by him, becomes liable to such third person in the amount of such indebtedness.

APPEAL by the defendant, Lucian Rowe, from a judgment of the Monroe County Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 3d day of March, 1893, upon the verdict of a jury for $297.60, and also from an order entered in said clerk's office on the 6th day of June, 1893, denying the defendant's motion for a new trial made upon the minutes.

*P. M. French*, for the appellant.

*John Desmond*, for the respondent

LEWIS, J.:

One Jackson Utter owed the defendant about $1,500 for rent of a farm ; he at the same time was indebted to plaintiff in the sum of $240 for apple barrels which he had purchased of him and for which he had agreed to pay the plaintiff when he sold his apples.

Utter sold his apple crop, including the barrels so purchased of plaintiff, to a Mr. Burlingame for the sum of $931.25.

A controversy arose between Utter and Burlingame concerning the apple bargain and Burlingame refused to pay for them. Utter thereupon made a verbal agreement with the defendant to the following effect: Utter was to transfer his claim against Burlingame to the defendant; defendant was to collect it, and when collected he was to pay to the plaintiff out of the money received the amount of his claim against Utter.

Utter made, accordingly, a formal written assignment of the said claim to defendant. Nothing was said in the writing as to what should be done with the money when collected.

Plaintiff was not cognizant of the agreement or assignment until after they were made.

When informed of them he called upon the defendant, and the defendant promised him that he would pay his claim against Utter when he succeeded in collecting the money of Burlingame.

Burlingame paid the money to the defendant, and though requested so to do the latter refused to pay plaintiff's claim, and this action was prosecuted in the Municipal Court of Rochester, where plaintiff had a verdict against the defendant for the $240.

The action was retried in the Monroe County Court, where plaintiff obtained another verdict, and an appeal was taken to this court. It is the contention of the counsel for the appellant that the promise not being in writing was void under the Statute of Frauds.

We do not think so. Utter was under no legal obligations to transfer his claim against Burlingame to the defendant; he did so upon condition that defendant would, out of the moneys when collected, pay plaintiff's claim.

The defendant having accepted the claim upon that condition, he became the debtor to plaintiff for the amount of the Utter debt when he obtained the money of Burlingame, and was liable to the plaintiff in an action therefor. (*Lawrence* v. *Fox*, 20 N. Y. 268.)

The judgment and order appealed from should be affirmed, with costs.

DWIGHT, P. J., and HAIGHT, J., concurred.

Judgment and order of the County Court of Monroe county appealed from affirmed, with costs.