(13 Misc. Rep. 234.)

## NEW YORK SMALL STOCK CO. v. KLOSSET.

(Common Pleas of New York City and County, General Term.   June 3, 1895.)

STATUTE OF FRAUDS—PROMISE TO PAY DEBT OF ANOTHER.
    A promise by a purchaser, as part of the consideration, to pay a debt due from the seller to a third person, is not within the statute of frauds.

Appeal from Seventh district court.

Action by the New York Small Stock Company against Fredericka Klosset.   Judgment was rendered in favor of plaintiff by the justice without a jury, and defendant appeals.   Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Louis Wendel, Jr., for appellant.

Joseph C. Wolff, for respondent.

GIEGERICH, J.   The unverified complaint alleges that on or about the 13th day of November, 1894, the defendant was indebted to one Lawrence Klosset in the sum of upwards of $1,500; that at the same time the latter was indebted to the plaintiff in the sum of $157.27; that at the time aforesaid the said Lawrence Klosset and the defendant made an agreement by which the latter promised and agreed with the former, and at his request, to pay the plaintiff said sum of $157.27; and that plaintiff demanded from the defendant payment of said sum, but no part thereof has been paid, except the sum of $57.77.   The evidence adduced on the part of the plaintiff tended to show that on the 9th day of November, 1894, said Lawrence Klosset, the husband of the defendant, being indebted to the plaintiff in the sum of $157.27 for meat sold to him, sold out his business to the defendant, his wife, for $1,500, no part of which was then paid; that as part of the consideration for such sale the defendant orally agreed to pay said indebtedness of $157.27 to the plaintiff, which was to be kept out of the said purchase price; that on the 13th day of November, 1894, the defendant paid to the plaintiff $57.77, and promised to pay the balance in a few days, which she failed to do.   The plaintiff then brought this action to recover said balance.

The evidence on the part of the plaintiff was contradicted by that adduced by the defendant; but we assume from the judgment that the justice credited the plaintiff's version of the transaction, and we see no reason for disturbing his determination of the facts, in the absence of the elements which are requisite to review such determination.   Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731;   Weiss v. Strauss (Com. Pl. N. Y.) 14 N. Y. Supp. 776.   The facts being as above stated, the case comes directly within the

principles of the decision in Reynolds v. Lawton, 62 Hun, 596, 17 N. Y. Supp. 432, and the doctrine of Lawrence v. Fox, 20 N. Y. 268, and kindred cases.   Riordan v. Presbyterian Church, 6 Misc. Rep. 84, 26 N. Y. Supp. 38, and Phelps v. Rowe, 75 Hun, 414, 27 N. Y. Supp. 89.   In the first-cited case a firm composed of three persons —Ray, Austin & Bowdirt—was indebted to one Reynolds for rent at the time when one Lawton bought out the interest of Ray and Austin with a view to continuing the business with Bowdirt, and, as a part of the consideration of such sale, orally agreed to pay the rent due; and, Lawton having failed to pay such rent, Reynolds brought an action against the former, based upon this promise, to recover the amount of the indebtedness of the firm to him, and it was held that the promise by Lawton was one to pay his own debt to Ray and Austin, by paying their debt to the plaintiff, and was therefore valid, though not in writing, and that it was a promise made for the benefit of the plaintiff, and could be enforced by him.   It follows from these cases, and many others which could be cited, that the defendant's promise to pay her husband's debt to the plaintiff out of the purchase price for the business was not within the statute of frauds; hence the justice properly denied the motion for a dismissal of the complaint, made when plaintiff rested, and renewed upon the close of the entire case.   For these reasons the judgment should be affirmed, with costs.