1818.

MATTER OF
SALISBURY.

In the Matter of EUNICE SALISBURY, a Lunatic.

In the management of a lunatic's estate, the interest of the lunatic is more regarded, than the contingent interest of those who may be entitled to the succession. And the court, if it be for the interest of the lunatic, will direct timber on the land of the lunatic to be sold.

So the real estate may be converted into personal, or personal into real, if for the benefit of the lunatic.

*March 9.*

PETITION of *John Van Vechten*, the committee, stating, that the lunatic is seised of a wood lot in *Catskill*. That proposals have been made to the committee to purchase the wood standing on the west corner of the lot, and which corner contains about five acres. That the offer is 25 dollars per acre for the wood, which, in the opinion of the committee, is very favourable to the interest of the lunatic. That the land is on the side of a hill, and of no value, except for the wood. That the price offered is equal to the value of the land, including the wood on it, and if cut off, wood may grow up again, and be of equal value. Prayer for an order to sell the wood, according to the offer.

Affidavits of *David W. Hart*, and of *William B. Salisbury*, in support of the facts stated in the petition, were read; and the Master, (*Robert Dorlan*,) reported, that it would be for the interest of the lunatic to accept of the proposal for the purchase of the wood, as stated.

THE CHANCELLOR. It is settled that the property of a lunatic may be converted from real into personal, when it shall appear to be for the interest of the lunatic, without regard to the contingent interests of the real and personal representatives. The governing principle in the managment of the estate, is the lunatic's interest, not that of those who may have eventual rights of succession.

1818.

MATTER OF
SALISBURY.

The statute of 17 *E.* 2. (and which we have re-enacted,) directing that the estate should not be "wasted or destroyed," meant injurious waste or destruction. The words of the *English* statute are, *sine vasto et destructione.* There may be cases as Lord *Rosslyn,* observed, in which to cut timber on the estate would be no waste. In the case *ex parte Bromfield,* (1 *Vesey,* jun. 453.) timber of the lunatic's estate was cut by order of the court, on the Master's report, that it would be for his benefit. (See the opinion of Ch. J. *De Grey,* cited in 2 *Vesey,* jun. 75. note, and the opinion of Lord *Thurlow,* in the case of *Bromfield:* see, also, *Oxenden* v. *Compton,* 2 *Vesey,* jun. 69. in which Lord *Rosslyn,* considers this subject very much at large.)

So, likewise, the court may authorise a change of the property of infants from real into personal, and from personal into real, when it is manifestly for the infant's benefit. (Notes to the *Earl of Winchelsea* v. *Norcliff,* 1 *Vern.* 483. Lord *Hardwicke,* in *Amb.* 419.)

In the present case, I am perfectly satisfied, that the timber had better be converted into money, than left standing. The lunatic has been afflicted for a long time. She is not advanced beyond the middle stage of life, and the timber may grow again fit for use before she dies. The money will be more productive than the timber left upon the land. The case has peculiar circumstances: I shall, therefore, grant the prayer of the petition.

Order accordingly.