Osborn *v.* Nelson.

———— •◦• ————

## PHEBE A. OSBORN *vs.* JAMES NELSON and MARGARET H. NELSON.

Before this court will reverse an order of a county court granting a new trial on a case and exceptions, it must be made clearly to appear that the court below has committed some error of law.

Where a husband abandons his wife and family, ceases to provide them, and, so far as he can, renounces his marital relations, and goes to California, where he has ever since remained, this is equivalent to abjuring the realm, by a husband, at common law; so as to enable the wife to sue and be sued as a *feme sole.*

A claim for the services of her infant son, which has been assigned to her, is the separate estate of the wife, in such a case; and under our statutes for the better protection of the rights of married women, it is competent for her to maintain an action for the recovery thereof, in her own name.

Without any reference to the question whether the plaintiff in such an action is, under the circumstances, entitled to the services of her son, as her child and servant, the fact that she is assignee of the claim, is enough to enable her to maintain the action in her own name and right.

If it becomes necessary for the plaintiff to amend her complaint, in order that it may appear upon its face, more clearly and specifically, by whom the serv-

ice for which the action was brought was in fact performed, it may be amended upon.the trial, or after the trial, to conform to the proof.

Greater latitude of construction is always allowable in regard to pleadings in actions commenced in justices' courts than in actions commenced in courts of record.

APPEAL, by the defendants,·from an order of a county court· granting a new trial.

· The action was brought in a justices' court of Cattaraugus county. The complaint, there, was for work and labor done by the plaintiff for the defendants, at their request. The defendants, by their answer, denied all the allegations of·the complaint; and alleged that there was a misjoinder of defendants; .Margaret H. Nelson being the wife of the defendant James Nelson, living and cohabiting with him. Also that all the claims and demands mentioned in the·complaint had been fully paid and satisfied. The justice denied a motion for a nonsuit, and rendered a judgment against the defendants for $25, with costs. The defendants appealed to the county court of ·Cattaraugus county, upon the following grounds, viz:

" 1st. The justice erred in overruling the defendants' motion for a nonsuit, on the ground that the evidence shows the said defendant Margaret H. is a married woman, and the wife of the defendant James Nelson.

2d. On the ground that there is no proof that the service was contracted by, or performed for and at the request of, the said defendant Margaret H., or for the benefit or upon an express agreement by her to charge her separate estate therefor.

3d. On the ground that the court had no jurisdiction to render judgment against the said defendant Margaret H. so as to charge her separate estate or property, or personally against her.

4th. The plaintiff has failed to show any liability against the defendant Margaret H. Nelson.

5th. On the ground that the action is on contract, and

the plaintiff has failed to show a joint liability against this defendant with the defendant James Nelson.

6th. On the ground that the evidence shows the father of the said George Howland is still living and entitled to the earnings and service of the said George, and not the plaintiff.

The judgment is against the law and the evidence, and on the same grounds contained in the motion for a nonsuit. And this defendant claims the said judgment should have been more favorable to her in this, to wit, said judgment should have been in her favor, of no cause of action against the plaintiff, with costs of action."

On the case coming on for trial in the county court, the plaintiff objected to proceeding to trial, on the ground that the case had not been properly brought into this court, and the court had no jurisdiction, as the judgment was a joint judgment against both defendants, and they had, separately and by separate notices of appeal, appealed to this court. The court overruled the objection, and ordered the case to proceed to trial, and the plaintiff excepted. The plaintiff, to maintain her issues, was duly sworn as a witness in her own behalf, and testified as follows: "I am plaintiff; reside at Great Valley; have a son by the name of George Howland, aged twenty-one years; he has always lived with me, and I have always provided for him and supported and maintained him; in the year 1854, when George was but four or five years of age, his father Frederick Howland, abandoned me and my children, and he has never since lived with me, or provided anything for the support of myself or my son George; when he left, he went to California, and since has lived there or in some of the Western States."

The plaintiff then offered to prove that within the last two years, and while George was being supported and maintained by the plaintiff, and before he became twenty-one years of age, he, George, performed work and labor

for the defendants. The defendants objected. The court refused to admit the evidence, and the plaintiff excepted. The plaintiff then offered to prove that before the commencement of this action George Howland sold and transferred to this plaintiff an account for work and labor against the defendants, to which the defendants objected, and the court refused to admit the evidence, and the plaintiff excepted. The plaintiff then offered to amend her complaint, setting forth the assignment of the account by said George Howland to her. The defendants objected, and the court refused to permit the amendment, and the plaintiff excepted. No other proof was offered, and the court directed the jury to render a verdict of no cause of action. To which direction the plaintiff duly excepted. The jury found a verdict in favor of the defendants. A motion was then made by the plaintiff, for a new trial; and the same being granted, the defendants appealed to this court.

*J. B. Finch,* for the appellants.

I. The complaint is for work and labor done by the plaintiff for the defendants, at their request. The plaintiff failed to prove any cause of action against these defendants for work and labor done by the plaintiff.

II. The plaintiff's offer to amend her complaint by alleging and claiming for work and labor done by Geo. Howland, and assigned to her, was properly rejected by the court, for the reason that it changed the cause of action, and the court, on the trial, has no power to allow the amendment. (*Whitcomb* v. *Hungerford,* 42 *Barb.* 177. *Woodruff* v. *Dickie,* 31 *How.* 164.)

III. If the court had power to allow said amendment, on the trial, the refusing to allow such amendment is a matter in the discretion of the court, and such exercise of discretion is not the subject of an exception, and is not reversible on a motion for a new trial. (*Hendricks*

Osborn *v.* Nelson.

v. *Decker*, 35 *Barb*. 298.   6 *id*. 208.   5 *Sandf*. 229.   21 *How*. 97.   24 *id*. 237.)

IV. The mother is not entitled to, nor can she recover for, the services of her minor children, while the father is living. And if a recovery was had by the mother, it would not be a bar to an action brought for the identical services by the child, by next friend, or an action by the father for the same services.

V. The father is entitled to the services of his minor children. The obligation of the father to provide for the maintenance of his child, entitles him to the custody of their persons, and to the value of their labor and services. (2 *Kent's Com*. 184.) The father is entitled to the wages of his son until he arrives at twenty-one years of age. (3 *E. D. Smith*, 305.) The father is bound to support his minor children, &c., but this obligation in such case does not extend to the mother. (2 *Kent's Com*. 182.)

VI. George Howland, the minor performing the services claimed, can recover for the same services, notwithstanding this action of the mother. The continued absence of the father, without supporting or controlling his son, has been held evidence of his consent that the son might labor for his own benefit. (3 *Barb*. 115.)

VII. The law fixes the liability of the father to support his minor children; the presumptions are, he is competent and has property, until the contrary is shown.

*Hudson Ansley*, for the respondent.

I. The action was by a married woman abandoned and deserted by her husband, to recover for the services of her minor child.

If a husband voluntarily and absolutely deserts his wife, and renounces, so far as he can, his marital relations, and leaves and continues absent from the State, the wife is considered as a *feme sole*. Such abandonment and absence

operates like an abjuration of the realm, at common law. (*Chapman* v. *Lemon*, 11 *How*. 235.)

II. At common law, an abjuration or banishment of the realm by the husband operates the same as his civil death, leaving the wife free to make contracts; to sue and be sued. (2 *Reeves' Dom. Rel.* 185, 186, *notes.* 2 *Kent's Com. pp.* 153, 154, 10*th ed.*)

III. A man who is civilly dead is unknown to the law. When a husband abandons his wife and children to their rights and obligations, he is not known. Although the care and custody of minor children primarily devolves upon the father, it depends upon the circumstances of the case. (*Williams* v. *Hutchinson*, 3 *Comst.* 312. *Reeves' Dom. Rel.* 448.)

IV. The parent or guardian who is bound to support an infant is entitled to their services and earnings. (*Williams* v. *Hutchinson*, 5 *Barb.* 122. *Wilcox* v. *Wilcox*, 48 *id.* 327.)

V. A mother, in case of the father's death, has the same right to the services of a minor child that the father would have if living. (*Gray* v. *Durland*, 50 *Barb.* 100.)

VI. The father is not entitled to the wages of a son, or to avoid his reasonable contracts, when he separates from the mother, and leaves the son under her care. (*Wodell* v. *Coggeshall*, 2 *Metc.* 89. 2 *Kent's Com.* 202, *note a*, 10*th ed.*)

*By the Court*, JOHNSON, J. This is an appeal from an order of the county court of Cattaraugus county, granting a new trial on a case and exceptions, on motion of the plaintiff. The action was commenced in a justice's court, where the plaintiff had a judgment. The defendants appealed to the county court, and on the trial in that court, at the close of the plaintiff's testimony, the jury were directed to find a verdict for the defendants. Afterwards, on a case and exceptions, the same court granted a new trial. We see no reason to interfere with the order grant-

ing a new trial to the plaintiff. Before this court will reverse such an order, it must be made clearly to appear that the court below has committed some error of law. No such error is shown. On the contrary, it appears to us that the new trial was very properly granted, in view of all that appeared and was offered to be proved by the plaintiff, on the trial. In any view of the case, as the evidence stood when the plaintiff rested, the action was properly brought by the plaintiff in her own name. Her husband, and the father of the minor son, for whose services the action was brought, had many years since abandoned the plaintiff and his family, and gone beyond the jurisdiction of the State, where he has ever since remained. He then ceased, wholly, to provide for his wife and family, and, so far as he could, renounced his marital relations. He did not go beyond the jurisdiction of the United States, it is true, but went to California and has never since returned to this State, or to his family. This has been held to be equivalent to abjuring the realm by a husband, at common law, so as to enable the wife to sue and be sued as a *feme sole*. (*Chapman* v. *Lemon*, 11 *How. Pr.* 235. *Abbot* v. *Bayley*, 6 *Pick.* 89. *Gregory* v. *Pierce*, 4 *Metc.* 478.)

The case comes fully within the reason of the common law rule, and the rule ought to be made applicable to such cases. There is the same necessity for the wife to act as a *feme sole* in obtaining credit, and acquiring property, for her personal support and protection, in such a case as this, as there was at common law where the husband had abjured the realm.

The plaintiff offered to prove the services, and that she had an assignment of the claim therefor from her son who performed the same. It is to be assumed, for the purposes of this appeal, that she could have proved, had she been permitted, the services and the assignment. This claim was, therefore, her separate estate. And, under

Osborn *v.* Nelson.

our statutes for the better protection of the rights of married women, it was competent for her to maintain an action for the recovery thereof, in her own name. Without any reference, therefore, to the question whether the plaintiff, under the circumstances, was entitled to the services of her minor son, as her child and servant, it was enough that she was assignee of the claim, to enable her to maintain the action in her own name and right. If it should become necessary for the plaintiff to amend her complaint in order that it may appear upon its face, more clearly and specifically, by whom the service for which the action was brought was in fact performed, there can be no difficulty in its being amended upon the trial, or after the trial, to conform to the proof.

Greater latitude of construction is always allowable in regard to pleadings in actions commenced in justices' courts, than in actions commenced in courts of record. There can probably be no question but that this service of the son was the labor and service intended to be set out in the complaint, so that the real cause of action would not be changed by the amendment. The difficulty at best could only be technical. The variance would not be deemed material, and would be wholly disregarded, unless it had *actually* misled the defendants to their prejudice, in making their defense upon the merits. (*Code*, §§ 169, 170.)

We are of the opinion, therefore, that the order granting a new trial should be affirmed.

[Fourth Department, General Term, at Rochester, March 6, 1871. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]