In the Matter of the Accounting of HENRY KILLICK, Committee, etc., Respondent.

*Supreme Court, Fifth Department, General Term, October* 19, 1889.

1. *Lunatics. Committee.*—The committee is entitled to full commissions, where his trust terminates with the death of the lunatic, and he renders a final account and turns over the entire estate undisbursed.

2. *Same. Counsel fee.*—Where the estate is quite large and the committee has had the custody of the lunatic, a reasonable allowance for counsel fees will not be disturbed.

3. *Same. Accounting.*—The committee, on his final accounting, should turn over to his successor his own notes which he found among the lunatic's papers, though they are outlawed.

Appeal from an order of the Monroe county court passing the final accounts of Killick, as committee, etc.

*E. Van Voorhes*, for appellant.

*Ed. Webster*, for respondent.

BARKER, P. J.—The committee received into his hands of the personal property of the lunatic cash items, bonds and mortgages and notes.

Two months after his appointment the lunatic died, and Maria A. Blossom was appointed the administratrix of his estate. The committee paid out as expenses, in the due administration of his trust, the sum of $282 only.

The aggregate of the personal estate was $9,584.75.

The court below allowed commissions on the aggregate amount of the personal estate for receiving and paying out the same, computed on the same basis as those allowed executors and administrators on final settlement of their accounts. The appellant insists that commissions for receiving and paying out should be limited to the sum of $282, the amount actually disbursed.

The trust terminated with the death of the lunatic, and
he has rendered a final account, and has turned over to the
personal representative of the deceased the entire estate un-
disbursed.

He is entitled to the same compensation by way of com-
mission as if his ward had lived and been restored to the en-
joyment of his mental faculties and his estate returned to
him under the order of the court. In such a case, the com-
mittee would be entitled, on rendering a final account, to full
commissions.

In this case, the trustee has in all respects faithfully exe-
cuted his trust, and has earned the compensation awarded
him by the statute. Code of Civil Pro., § 2338; Ward v.
Ford, 4 Redf. 34; Matter of DePeyster, 4 Sand. Ch. 511.
The rule adopted in cases where trusteees are removed, or
retire on their own application, or die, has no application, for
the manifest reason that the trust remains unadministered at
the time of the accounting. The committee was allowed the
item of $75 as a fee to be paid his counsel. The court had
the power within its discretion to make the allowance as a
proper and necessary disbursement.

A faithful trustee is always allowed his expenses out
of pocket, which includes a reasonable fee paid his counsel.
Downing v. Marshall, 37 N. Y. 380; Wetmore v. Parker,
52 Id. 450.

While it appears that the committee had no difficult ques-
tion to consider, up to the time of the death of his ward, and
we see but little reason for consulting counsel, we would be
disinclined, if we had the power, to interfere with the allow-
ance, as the estate was quite large, consisting of both real
and personal property, and the custody of the lunatic was
also given to the committee.

In such cases it cannot be said, without inquiry into the
facts and circumstances, whether the committee acted judici-
ously for the estate, or for his own protection, in consulting
counsel. The court below did so, and came to the conclu-
sion that the trustee should be allowed the item of seventy-

five dollars to be paid counsel. This court cannot review the judgment of another court except for legal error. Thurber *v.* Townsend, 22 N. Y. 517; Reilley *v.* President, etc., 102 Id. 383; Stebbins *v.* Cowles, 30 Hun, 523; Wavel *v.* Wiles, 24 N. Y. 635; Osborn *v.* Nelson, 59 Barb. 375.

As this item was largely in the discretion of the court below, we cannot strike it out of the credits allowed the trustee. We think it was the duty of the trustee to turn over his own notes, which he found among the papers of the lunatic, to the administrator, although they appear to have been outlawed at the time of his appointment.

It appears that they were present and given in evidence on the hearing, and the counsel for the committee offered to dispose of them in the way ordered by the court.

As the order does not make any disposition of the notes, it should be modified so as to direct the committee to pay them over to his successor in interest, and, as modified, the order should be affirmed, with ten dollars costs.

DWIGHT and MACOMBER, JJ., concur.

---

### NOTE ON "LIABILITY OF COMMITTEE OF A LUNATIC."

The supreme court may compel a committee of a deceased lunatic, though appointed by the common pleas, to account in an action by the administrator. Butler *v.* Jarvis, 51 Hun, 248.

The committee, for a failure to invest, is chargeable with simple, but not compound interest. Id.

He is chargeable with amount of mortgage, which he neglected to collect for a long time. Id.

He is liable for loss upon a loan on mortgage on leasehold property. Id.

Where he has appropriated more than the amount of his commissions, an allowance therefor is not chargeable against the funds in his hands. Id.

In Matter of Gallagher, 63 Hun, 624, a party was appointed committee of a lunatic and employed an attorney to act for him and allowed him to take entire charge of the estate. The attorney made some collections, but conducted the business in a negligent manner and retained the money collected. It was held that such moneys were collected by him as agent of the committee, and that the latter was chargeable with the amount thereof.

Where the negligence and inattention of the committee have resulted in a loss to the lunatic, commissions should not be allowed. Id.