In the Matter of the Judicial Settlement of the Account of Proceedings of JOHN NOTMAN and Others, as Committee of the Estate of BLANCHE L. ANDREWS, an Incompetent Person, Appellants.

FRANK BROOKFIELD, Special Guardian· ad Litem for the Incompetent Person, Respondent.

*Compensation of a committee of the property of an incompetent — when the committee is not bound to convert securities into cash in order that his commissions be allowable thereon — his duty in respect to holding them.*

Under section 2338 of the Code of Civil Procedure, the committee of the property of an incompetent person is entitled to be compensated at the same rate as an executor or administrator, for receiving and holding property which it does not become his duty to convert into cash; such compensation is not to be made upon the theory that these are *extra* services in addition to those which would be required to be performed by an executor or administrator and for which the court may make a special allowance, but upon the theory that they correspond, within the fair intent and meaning of section 2338 of the Code of Civil Procedure, with the services of an executor or administrator in converting property into cash.

Where the committee of an incompetent comes into possession of securities which constitute a good investment and the principal is not presently needed for use, it is not the duty of the committee to convert the securities into cash but to hold them as an investment. It might even occur that it would be the duty of the committee to hold securities and turn them over at the termination of their trust without having converted them into money.

APPEAL by John Notman and others, as committee of the estate of Blanche L. Andrews, an incompetent person, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of March, 1905, as adjudges that the appellants are only entitled to commissions on moneys received and paid out.

*John Notman*, for the appellants.

*John H. Thompson, Jr.*, for the guardian ad litem of the incompetent, respondent.

LAUGHLIN, J. :

The committee were appointed on the 29th day of October, 1903, and on the 11th day of November, 1904, they instituted this proceeding for an intermediate settlement of their account. The committee were required to give a bond in the sum of $400,000. They received property of the incompetent of the value of $372,956. The committee asked to be allowed one-half commissions upon that part of the principal of the estate which has come into their hands and has not been converted into money. The object of the appeal is to review the denial of their application in that regard. The compensation to which the committee of the estate of an incompetent person is entitled is regulated by section 2338 of the Code of Civil Procedure, which provides that the compensation is the same as that to which an executor or administrator is entitled, but that in a special case, where the services exceed those of an executor or administrator, the court may allow additional compensation for such additional services. The compensation of an executor or administrator is regulated by section 2730 of the Code of Civil Procedure, and literally it is confined to a commission upon moneys received and paid out. The opinion of the learned judge at Special Term shows that the application was denied upon the authority of *McAlpine* v. *Potter* (126 N. Y. 285), which holds that executors or administrators are not entitled to commissions upon the principal of the estate coming into their hands until converted into cash or accepted as if cash on distribution. We are of opinion that this decision is not controlling here. It is the duty of executors or administrators to convert the principal into cash for the purpose of paying debts and of distribu-

First Department, April, 1905.                    [Vol. 103.

tion, except where that is waived by the consent of the parties interested. Where the committee of an incompetent comes into possession of securities which constitute a good investment and the principal is not presently needed for use, it is not the duty of the committee to convert the securities into cash but to hold them as an investment. It might even occur that it would be the duty of the committee to hold securities and turn them over at the termination of their trust without having converted them into money. If the provisions of the statute regulating the compensation of executors or administrators should be literally applied it would afford no authority for compensating the committee in such circumstances. With respect to the principal of the estate which has not been converted into cash, the committee have performed their full duty during a period upwards of a year down to the settlement of their account, and should be held to be in the same position with reference to their compensation as an executor or administrator who has performed his duty and converted the property into cash. It has been held that a trustee is entitled, on his discharge and transfer of the estate to his successor, or on distribution thereof, to commissions upon the value of stocks, bonds and mortgages coming into his hands and not converted into cash by him, but passed to his successor or to the persons entitled thereto as received. (*Matter of De Peyster*, 4 Sandf. Ch. 511 ; *Matter of Moffat*, 24 Hun, 325.) It has also been held that a temporary receiver, who has only authority to hold the property as received and whose compensation is prescribed by section 3320 of the Code of Civil Procedure, is not necessarily confined to commissions on cash received, but may, in a proper case, be allowed one-half commissions on the value of the property received. (*Matter of Smith Company*, 31 App. Div. 39.) Where a lunatic died within two months after the appointment of the committee, it has been held that the committee was entitled to *full* commissions on the final accounting and turning over the estate consisting principally of notes, bonds and mortgages to the administrators. (*Matter of Blossom's Estate*, 7 N. Y. Supp. 360.) We are of opinion, therefore, that the committee of the property of an incompetent person is to be compensated for receiving and holding property which it does not become his duty to convert into cash, and that such compensation is not to be made upon the theory that these are *extra* services in addition to

those which would be required to be performed by an executor or administrator and for which the court may make a special allowance, but upon the theory that they correspond, within the fair intent and meaning of section 2338 of the Code of Civil Procedure, with the services of an executor or administrator in converting property into cash. It follows that the committee should have been allowed one-half commissions, and, inasmuch as the estate exceeds $100,000, each member of the committee should be allowed one-half of a full commission upon the value of the principal of the estate received and not converted into cash. (See Code Civ. Proc. §§ 2338, 2730).

It follows, therefore, that the order should be modified by allowing each member of the committee one-half of a full commission upon the value of the principal of the estate, as found by the referee, received and not converted into cash, which will be specified in the order, and as thus modified affirmed, with disbursements to the appellants.

Van Brunt, P. J., Patterson and Ingraham, JJ., concurred; McLaughlin, J., concurred in result.

Order modified as directed in opinion, and as modified affirmed, with disbursements to the appellants.