## SCRIBNER v. YOUNG et al.

(Supreme Court, Appellate Division, Third Department.   March 7, 1906.)

1. INSANE PERSONS—PROPERTY—APPOINTMENT OF COMMITTEE.

   The committee of a lunatic is the mere custodian of her property, the title to which remains in the lunatic notwithstanding the committee's appointment.

   [Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Insane Persons, § 91.]

2. SAME—POWER OF SALE—ORDER OF COURT—RATIFICATION.

   Under Code Civ. Proc. § 2339, providing that a committee of the property of a lunatic cannot alien, mortgage, or otherwise dispose of her real property except to lease it for a term not exceeding five years after the special direction of the court obtained in proceedings taken for that purpose, a lunatic's committee had no authority to authorize the cutting of timber on a lunatic's land without an order of court, nor to ratify authority given for that purpose by the lunatic's husband and son.

   [Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Insane Persons, § 111.]

3. SAME—PAYMENT.

   Where a lunatic's committee had no authority, without an order of court, to authorize the cutting of timber on the lunatic's land, he could not ratify an alleged settlement between the persons cutting the timber and the lunatic's husband and son.

4. TRESPASS—DEFENSES—GOOD FAITH.

   Where defendants cut timber on a lunatic's land without legal authority so to do, it was immaterial as to their liability that they acted in good faith and on the belief that they had legal authority derived from the lunatic's husband and son and from her committee.

   [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trespass, §§ 49, 55.]

Appeal from Trial Term, Fulton County.

Action by Eugene D. Scribner, as committee of the estate of Margaret E. Berry, a lunatic, against Charles Young and another. From a judgment in favor of defendants, and from an order denying plaintiff's motion for a new trial on the minutes, he appeals. Reversed.

This is an action to recover damages for cutting and removing trees and timber growing on the farm of the said incompetent person Margaret E. Berry. At the time of the acts complained of Jerome Egleston was the committee of her estate. He has since died, and, the plaintiff having been appointed, his successor brings the action. On the trial the defendants admitted the acts complained of, or some of them, but sought to justify them by reason of an alleged authority of the committee. From the testimony of the defendants, it appeared that they made contracts with Samuel P. Berry, the husband, and with Arthur Berry, the son, of the incompetent person, to cut and remove such wood and timber. Before acting under such contracts, one of the defendants saw Egleston the committee, and, after informing him of his conversation with Berry about cutting wood asked the committee if he had any objection to which the latter replied, "No, sir, anything you do with Berry is all right." There was also evidence that the committee permitted Berry, the husband, to manage the farm, and to do with it as he desired. The latter did not reside on the farm, but had a cottage there, and went there every season for a time, and, to a certain extent, worked the farm. After said conversation with the committee, the defendants cut and removed the wood and timber in question. Some they divided with the husband and son of the incompetent person and paid them the balance thereof. The committee received

nothing for the wood or timber thus removed, nor has the estate of the in-competent person received any benefit therefrom, nor was any of the same used by any person on the farm. On the trial, at the conclusion of the evidence, plaintiff moved for a direction of a verdict in his favor, which motion was denied, and exception taken.

Argued before PARKER, P. J., and SMITH, CHESTER, and COCHRANE, JJ.

Eugene D. Scribner, for appellant.
Clark L. Jordan, for respondents.

COCHRANE, J. The legal title to the property in question remained in the incompetent person, notwithstanding the appointment of the committee. Such committee was merely the custodian or bailiff of the property, and had no interest therein or independent power to dispose of the same in any manner whatever. It was his duty to preserve the property, and not to dispose of it except by order of the court. Kent v. West, 33 App. Div. 112, 53 N. Y. Supp. 244; Matter of Otis, 101 N. Y. 580, 585, 5 N. E. 571; Pharis v. Gere, 110 N. Y. 336, 18 N. E. 135, 1 L. R. A. 270. "A committee of the property cannot alien, mortgage or otherwise dispose of real property except to lease it for a term not exceeding five years without the special direction of the court obtained upon proceedings taken for that purpose." Code Civ. Proc. § 2339. "The committee thus becomes merely the officer or agent of the court and has no authority except such as comes from that source or is vested in him by statute." Pharis v. Gere, 110 N. Y. 336, at page 347, 18 N. E. 135, at page 137, 1 L. R. A. 270. The committee being without power to sell the wood in question he was equally without power to authorize the sale by any other person. It follows that the cutting and removal of the wood by defendants was without any lawful authority.

Defendants claim that even if their acts were unlawful the committee had power to settle with them and that they have paid the husband and son of the incompetent person by authority of the committee. The only authority to pay these third parties was such as was implied from the committee's unauthorized consent that the defendants might contract with them for the removal of the wood. Berry and his son were not the lawfully authorized agents of the committee to make the sale for the reason that such sale was beyond the power of the committee. And the payment to them was no more lawful than the sale by them. The entire transaction was beyond the power of the committee, and therefore void. Although the defendants probably acted in good faith, they and Berry and his son were all wrongdoers, and the defendants cannot claim exemption from their wrongful acts, because they made payment to those jointly concerned with themselves in the same wrongful acts. The payment did not reach the committee, or benefit in any respect the estate which he represented. Nor was there any contingency or circumstance, which rendered it proper that the wood should be sold. Had there existed any reason therefor, the court, on presentation to it of the proper facts, would have ordered

such sale. Matter of Salisbury, 3 Johns. Ch. 347. But no such claim is made.

The court submitted the case to the jury, on the theory that if the defendants had the consent of the real owner of the farm to cut the trees, and acted in good faith in so doing, they were entitled to a verdict. The real owner was the incompetent person who could not consent; the committee had no power to consent; and the good faith of the defendants, however great, cannot be permitted to diminish the estate of this incompetent person. Plaintiff was entitled as a matter of law to recover, and his motion, that a verdict be directed in his favor, should have been granted.

The judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.