WALLACE THAYER, as Committee of the Person and Property of WILLIAM GLYNN, an Incompetent Person, Respondent, v. ERIE COUNTY SAVINGS BANK, Appellant.

Incompetent persons — committee of person and estate of incompetent — committee cannot lawfully take possession of his property until bond is filed — payment to committee before filing of bond does not protect payer if money is lost by fault or negligence of committee.

1. Where an order appointing a committee of the person and estate of an incompetent provided, pursuant to the statute (Code Civ. Pro. § 2337), that the appointment should become executed or complete when the committee executed and filed the prescribed bond, the bond when filed does not relate back to and qualify the committee as such from the date of the order.

2. When a bank, which held, as depository, moneys of an incompetent, paid them over to the committee before the bond was filed, and part thereof was misappropriated, the bank which made such payment is liable to the incompetent for the money so misappropriated, and a substituted committee of the estate of such incompetent may maintain an action therefor. Before the prescribed bond was

executed and filed the first committee had paid out and parted with the moneys, and hence it cannot be held that the moneys were received and held by her in trust, or in a fiduciary capacity, and passed by operation of law to her as committee when she became such by the execution and filing of the bond.

*Thayer* v. *Erie County Savings Bank*, 160 App. Div. 300, affirmed.

(Argued February 4, 1916; decided April 11, 1916.)

APPEAL from a judgment, entered January 16, 1914, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and directing judgment in favor of plaintiff upon the findings of fact of the trial court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Adelbert Moot, Henry W. Sprague* and *S. Fay Carr* for appellant. Mrs. Faller, as committee of the estate of William Glynn, was accountable for the deposit which the defendant paid to her. (*Mooney* v. *Bib*, 50 Ala. 45; *McClure* v. *Commonwealth*, 80 Penn. St. 167; Woerner on Guardianship, § 40; *Matter of Gallagher*, 43 N. Y. S. R. 581.) The committee's bond protected the incompetent's estate against loss or misappropriation of money or property belonging to that estate, which the committee received before as well as after the bond was filed. (*Gottsberger* v. *Taylor*, 19 N. Y. 150; *Scofield* v. *Churchill*, 72 N. Y. 565; *Choate* v. *Errington*, 116 Mass. 565; *Pinkstaff* v. *People*, 59 Ill. 148; *Matter of Nolls*, 10 App. Div. 356; 154 N. Y. 765; *Fardette* v. *U. S. Fidelity & Guaranty Co.*, 86 App. Div. 50; *Maltoom* v. *Cowing*, 13 Gray, 387; *Weill* v. *Weill*, 31 Miss. 36; *Seargent* v. *Wallace*, 67 Tex. 483; *Clement* v. *Hughes*, 17 S. W. Rep. [Ky.] 285; *Johnson* v. *Hicks*, 30 S. W. Rep. [Ky.] 3.) The bond of the former committee, by rendering the sureties liable for moneys received by the committee before its execution,

perfected the right of Sarah M. Faller, as committee, to withdraw moneys of the incompetent from the defendant and the defendant is not liable for such payment. (*Matter of Jenson Co.*, 128 N. Y. 550; *Matter of Muehlfeld*, 16 App. Div. 401; *Matter of Lenox Corporation*, 57 App. Div. 55; 167 N. Y. 623.)

*Wallace Thayer* and *Frederick Haller* for respondent. The order itself appointed Sarah M. Faller only "upon executing and filing a bond for $8,500 to be approved by this court," and the Code required the approval and filing of the bond before the committee entered upon the duties of her office. (Code Civ. Pro. § 2337; *Wuesthoff* v. *Germania L. Ins. Co.*, 107 N. Y. 580.) The filing of the bond two and a half years later, when the $2,000 was hopelessly gone, did not make the sureties on that bond liable for the $2,000 long since stolen, nor did it validate the appointment of the committee at any earlier date than when the bond was given. (*Thompson* v. *American Surety Co.*, 170 N. Y. 109; *Reilly* v. *Dodge*, 42 Hun, 646; *Bissell* v. *Saxton*, 66 N. Y. 55; *People* v. *Pennock*, 60 N. Y. 421; *Thompson* v. *MacGregor*, 81 N. Y. 592; *Gottsberger* v. *Taylor*, 19 N. Y. 150.)

COLLIN, J. The action is to recover the sum of $3,126.67, which the defendant owed to William Glynn, through moneys deposited by him with the defendant. The defense is payment, on July 26, 1904, to Sarah M. Faller, as committee of the person and property of Glynn.

Glynn was adjudged an incompetent person on July 25, 1904. On July 26, 1904, by an order of the County Court of Erie county, Sarah M. Faller was appointed committee of his person and property "upon executing and filing a bond for $8,500, to be approved by this court, pursuant to the provisions of the statutes in such case made and provided." The bond thus required was not filed until January 22, 1907. The condition of the bond was: "If the one Sarah M. Faller shall and do

in all things faithfully discharge the trust reposed in her as the committee of the person and the estate of William Glynn, an incompetent person, of which she has been duly appointed, and shall obey all lawful directions of the said court or a judge thereof, or of any other court or judge touching the said trust, and shall in all respects render a just and true account of all moneys and other properties received by her, and of the application thereof, and of her said committeeship, whenever she is required so to do by a court of competent jurisdiction, then the preceding obligation to be void; otherwise to remain in full force and virtue." On July 26, 1904, the defendant paid to said Faller the $3,126.67 upon the presentation to it by her or in her behalf of an order therefor signed by her as follows: "Sarah M. Faller, as Committee of the Person and Property of William Glynn, an incompetent person," and the bank book of Glynn. Faller applied $1,126.67 of the sum so paid to her for the benefit of the incompetent person. She paid, before she gave the bond prescribed by the order, $2,000 of the said $3,126.67 to her attorney, one Fennelly, to be held by him in trust as security or pretended security for the required bond which he was to procure for Faller, and Fennelly misappropriated it. The plaintiff was substituted committee in the place of Faller June 6, 1911. The trial court found, as a conclusion of law, that the bond of January 22, 1907, "related back to all moneys received by the said Sarah M. Faller from the time of the order" appointing her as such committee; that the sureties on the bond were liable to the plaintiff for the moneys; that the defendant occupied the same position that it would have occupied had it paid Faller after she had qualified as such committee by giving the bond and was not liable. The Appellate Division reversed the judgment of the trial court and directed judgment upon the findings, in favor of the plaintiff against the defendant for $2,000, with interest and costs.

On July 26, 1904, the defendant was indebted to William Glynn in the sum of $3,126.67. If it has not paid or in so far as it has not paid the sum, it is liable in this action. It has, unquestionably, paid so much of the indebtedness as Faller received from it and made a part of the estate of the incompetent, that is, $1,126.67. We may, therefore, consider the question as though the original indebtedness was the balance, or the sum of $2,000.

The powers of the courts in regard to the person and estates of lunatics are subject to all relevant statutory provisions. In so far as those provisions prescribe the methods in which the powers shall be exercised, they must be complied with. The courts cannot in such case resort to the methods applied by the court of chancery. (*Matter of Blewitt,* 131 N. Y. 541; *Sporza* v. *German Savings Bank,* 192 N. Y. 8.) When the order appointing Faller the committee was made, the statute provided: " A committee of the property cannot enter upon the execution of his duties, until security is given, as prescribed by the court." (Code of Civil Procedure, § 2337.) By the order of the court the appointment became executed or complete when she had executed and filed the prescribed bond. It is clear and certain that Faller was not the committee of the property of Glynn when the defendant paid to her the moneys it owed Glynn. She was a stranger to his estate and the payment to her was of the same force and effect as it would have been if made to any person other than Glynn or his agent authorized to receive it. It did not pay the indebtedness. The bank owed and was liable for it after, even as it was before, the payment. (*Wuesthoff* v. *Germania Life Ins. Co.,* 107 N. Y. 580.) Before the prescribed bond was executed and filed, she had paid out and parted with the moneys. When she, in fact, became the committee, the moneys were not in her custody or control. Therefore, it cannot be presumed, under the principle declared in judicial decisions, that the moneys were received and held by

Faller in trust or in a fiduciary capacity, and passed by operation of law to Faller as committee when she became such, becoming thus a part of the estate of Glynn and canceling the indebtedness of the bank. (See *Gottsberger* v. *Taylor*, 19 N. Y. 150; *People ex rel. Lent* v. *Hascall*, 22 N. Y. 188.) The principal assertion of the appellant is that the bond when filed related back to and qualified Faller as the committee from the making of the order of July 26, 1904. A sufficient answer is that the statute and the order provided, in effect, that she should not be or act as the committee until she executed and filed the bond as approved. The appellant cites many decisions in support of his assertion. Mr. Justice FOOTE, writing for the Appellate Division, sufficiently explained and distinguished them. (*Thayer* v. *Erie County Savings Bank*, 160 App. Div. 300.)

The judgment appealed from should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, HOGAN, CARDOZO and SEABURY, JJ., concur.

Judgment affirmed.