In the Matter of the Final Accounting of The Putnam County National Bank of Carmel, Josephine H. Thomson and John P. Donohoe, as Committee of the Person, Property and Estate of Frederick K. James, Deceased Incompetent.

Josephine H. Thomson, as One of the Committee, etc., of Frederick K. James, Deceased Incompetent, Appellant; Ella James, Respondent.

Second Department, March 17, 1941.

*James Dempsey* [*Mitchell W. Alexander* and *Bartholomew A. Moynahan* with him on the brief], for the appellant.

*David S. Kumble* [*Otto W. Muehlenbrink* with him on the brief], for the respondent.

Hagarty, J. The question presented by this appeal involves the amount of commissions to be allowed the committee of an incompetent upon the settlement of its final account. The appellant is one of three who were appointed as the committee of the estate of Frederick K. James on the 24th of January, 1939. James died on the 4th day of January, 1940, and the committee filed its petition for a final accounting and the final account on the 31st day of January, 1940.

The account discloses that the estate of the incompetent consisted of cash, savings bank accounts, securities, an account receivable and personal effects which, together with a parcel of real

estate, represent a total valuation of $349,388.14. Of this estate, the account receivable amounted to $114,660.28, and the parcel of real estate was valued at $900. The committee, during the period of its incumbency, actually disbursed or paid out the sum of $17,735.92, and sustained a nominal loss of $47.50 in the sale of assets. By the order settling and approving the account as filed, the committee is directed to " deliver " the estate to the representatives of the estate of the deceased incompetent after making payments incidental to the administration of the estate, including commissions.

Upon objections to the account interposed by the respondent, who is the widow of the deceased incompetent, commissions were computed and allowed only on the total income and debts collected, which amounted to the sum of $16,796.40, and on the moneys actually paid out, in the sum of $17,735.52. The appellant claims that the commissions should have been awarded on the basis of an estate of $349,388.14, less $900, the value of the realty, or on the gross sum of $348,488.14. Under the theory adopted by the learned official referee, to whom the matter was referred, each member of the committee was allowed the sum of $481.65 " in full payment of all commissions earned."

In computing commissions on the basis of moneys actually received and paid out, the official referee relied upon the authority of *Matter of Merritt* (278 N. Y. 74). It was there held that a committee was not entitled to commissions on real estate belonging to the incompetent, although in that case the committee received and conserved the realty to the extent of plotting it for development, negotiating removal of interred bodies for that purpose, and selling a portion of it. The issue here, narrowly put, is whether a committee is entitled to commissions on personalty which has not been liquidated or reduced to the form of currency in the hands of the committee; in other words, on all the personalty taken into possession.

In accordance with the provisions of the Civil Practice Act (§ 1376), which provides that a committee of an incompetent is entitled to the same compensation as an executor, administrator or testamentary trustee, recourse must be had to the Surrogate's Court Act (§ 285), dealing with commissions to the latter class of fiduciaries. In the first four subdivisions of section 285 of the Surrogate's Court Act, commissions are fixed at rates which vary, depending on the amount or value of the estate, and are allowed " for receiving and paying out all sums of money." Subdivision 5, in so far as material, reads:

" 5. The value of any real or personal property, to be determined in such manner as the surrogate may direct, and the increment

thereof, received, distributed or delivered, shall be considered as money in making computation of commissions."

Although Judge RIPPEY, in arriving at his conclusion in *Matter of Merritt* (*supra*) that a committee does not receive, distribute or deliver real property of the incompetent, within the meaning of section 285 of the Surrogate's Court Act, points out that the committee is not vested with legal title to the realty, that reason does not apply to the determination of commissions on the personalty. A committee of an incompetent, unlike the representative of a decedent who takes title to the personalty (*Thayer* v. *Erie County Savings Bank*, 160 App. Div. 300, 308; affd., 217 N. Y. 501), has title neither to the realty nor to the personalty. (*Carter* v. *Beckwith*, 128 N. Y. 312, 316; *Pharis* v. *Gere*, 110 id. 336, 347; *Scribner* v. *Young*, 111 App. Div. 814; *Matter of Otis*, 101 N. Y. 580, 585.) Were the question of title to determine, the statute allowing commissions would be meaningless.

The determination of the right to, and the amount of, commissions of a committee, therefore, must be based on the literal application of the language of the Civil Practice Act (§ 1376), and the committee allowed " the same compensation as an executor, administrator or testamentary trustee," despite the difference in the nature and functions of the two classes of fiduciaries and irrespective of the element of title.

Viewed in this light, it is clear that the committee is entitled to commissions on the value of all personalty constituting the assets of the estate and reduced to possession, irrespective of what moneys were actually received and paid out. It has long been settled that executors and administrators are not limited to commissions on moneys received and paid out. In *McAlpine* v. *Potter* (126 N. Y. 285) it was held that as to personalty, other than money, an executor was not entitled to one-half commissions at the outset for receiving it, but that, on the other hand, he was entitled to receive full commissions at such time as the personalty was converted into money and paid out, or accepted by the beneficiary without being converted. The same rule applied to trustees under earlier provisions of the Code of Civil Procedure. (*Matter of Mason*, 98 N. Y. 527.) The Code was amended thereafter as to trustees by changing the term " money " to " principal." (*Robertson* v. *de Brulatour*, 111 App. Div. 882; affd., 188 N. Y. 301, 316, 317.) Thus executors, administrators and trustees have always received commissions on personalty, even though the personalty was not in the form of currency received and paid out. Commissions on personalty are to be allowed the committee of an incompetent, fixed and computed on the same basis. In *Matter of Notman* (103 App. Div. 520) the authority of the *McAlpine* case (*supra*)

was distinguished to the extent of holding that inasmuch as a committee may never have occasion to convert personalty into cash but may hold it as an investment, nevertheless, it may be deemed to have performed its full duty, and it is entitled to be compensated for receiving and holding property as to which it was not its duty to convert into cash, and should be allowed one-half commissions for receiving such property rather than await and be paid full commissions when the property was turned over.

In our opinion, therefore, the committee was entitled to commissions on all the personalty possessed by it. This holding is in accord with the apparent intention of the Legislature, as the Civil Practice Act (§ 1375) requires a bond for not less than the total of the personalty, as distinguished from the realty, and an accounting " of all moneys and other properties received by him or them [committee] * * *."

We are in agreement, however, with the contention of the respondent that commissions may not be computed on the sum of $114,660.28, representing the asset characterized as an account receivable due the incompetent from F. K. James Co. Although it may be that this sum was deducted from the gross value of the F. K. James Co., in which the incompetent owned all the stock, in arriving at the value of that company as set forth in the account in the sum of $70,180.41, nevertheless, the account as settled carries this item as an account receivable and it remains to be surrendered as such. Thus, this asset was never reduced to possession, but remained a mere chose in action in the hands of the committee.

In view of our conclusion that the order should be modified with respect to commissions, the extra allowances of $500 each to the individual members of the committee will be struck from the order. We are further of opinion that the allowances to counsel should not be modified. The objectant was a proper party to the appeal.

The order should be modified by striking out the second ordering paragraph and by providing in lieu thereof that one-half of full commissions be allowed each member of the committee on amounts received in the sum of $233,827.86, amounting to $2,348.28, and one-half of full commissions be allowed each member of the committee on amounts paid out in the sum of $233,780.36, amounting to $2,347.33; and should be further modified by striking out the sixth and seventh ordering paragraphs. As so modified, the order should be affirmed, with costs to each of the parties to this appeal, payable out of the estate.

Present — LAZANSKY, P. J., HAGARTY, JOHNSTON, ADEL and CLOSE, JJ.

Order modified accordingly.