PAUL M. MATTICE, as Committee of ELLEN S. GIBSON, an Incompetent Person, Plaintiff, *v.* KINGSTON TRUST COMPANY, Defendant.

Supreme Court, Greene County, March 26, 1942.

*Paul M. Mattice,* for the plaintiff.

*Charles W. Walton* [*Frank L. Wiswall* and *Dunton F. Tynan* of counsel], for the defendant.

BERGAN, J. On August 14, 1934, Ralph P. Folsom, as superintendent of the Hudson River State Hospital, petitioned the Supreme Court for the appointment of a committee of the person and property of Ellen S. Gibson, then an incompetent patient in that hospital. The petition, so far as this record indicates, stated that the property of the incompetent consisted of a pension of $50 a month, and seems to have made no reference to $1,176.92 owned by the incompetent on deposit with the defendant Kingston Trust Company.

The court at Special Term granted an order reciting the filing of the petition, the income of $50 a month, and appointing Madeline Gibson as committee of the person and estate of the incompetent to be effective upon the filing of a bond fixed in the sum of $1,200. In plenary terms, it further provided that upon demand and presentation of a certified copy of the order and a certificate that the bond had been filed, " all persons are directed and commanded to deliver to the said committee * * * all the property of the said incompetent person." On December 19, 1934, the defendant bank paid the entire deposit of $1,176.92 to the committee, who converted the money to her own use.

Plaintiff as successor committee sues the bank for the recovery of the deposit on the ground that the statute had not been complied with and the committee was unauthorized to receive the money. It is alleged that the recitations of the order, making no reference to this deposit as an asset of the incompetent, and the small amount of the bond required were sufficient to put the bank upon notice and to have required it to refuse payment without further security.

The statute (Civ. Prac. Act, § 1375, subd. 1) provides that a committee of property shall file a bond to be fixed by the court in amount not less than the total of the personal property and the income receivable for two years. The same section (subd. 4) prevents the committee from acting, until security is given " as prescribed herein." The insufficiency of the security required by the order, it seems apparent, arose from the failure of the petition to describe all the incompetent's property.

Defendant moves to dismiss the complaint. It contends that the order of the Special Term with which it complied in paying the fund

to the committee affords it a complete protection. I think the order of the court was authority enough to justify the payment to the former committee.

The jurisdiction of the Supreme Court over the subject-matter and the parties was complete. The court has, so the statute provides, jurisdiction over the person and property of incompetents (Civ. Prac. Act, § 1356) to be exercised by committee. (Civ. Prac. Act, § 1358.) The petition was made by a State officer under authority of statute. (Civ. Prac. Act, § 1374.) The error was one of fact in the presentation of the petition and consequently in the facts adopted by the court. But these were errors in a judicial proceeding which neither affected the jurisdiction of the court nor invalidated the order. The committee followed the direction of a judicial order in qualifying and the defendant bank followed a judicial direction in making payment to the court's officer.

The error of fact presented to the court did not affect its jurisdiction and the order, well within the frame of the court's power, was valid and must have been obeyed. The acceptance of this rule is quite universal. " Jurisdiction should be distinguished from the exercise of jurisdiction. The authority to decide a case at all, and not the decision rendered therein, is what makes up jurisdiction; and when there is jurisdiction of the person and subject-matter, the decision of all other questions arising in the case is but an exercise of that jurisdiction. * * * Since jurisdiction is the power to hear and determine, it does not depend either upon the regularity of the exercise of that power, or upon the correctness or rightfulness of the decision made, for the power to decide necessarily carries with it the power to decide wrongly as well as rightly." (15 C. J. 729, 730; 21 C. J. S., Courts, §§ 26, 27.)

This principle is deeply integrated in the law of New York. Long ago, the Supreme Court decided that the statutory taxation of a district attorney's account by a Supreme Court commissioner, as a judicial function, became conclusive even if erroneous and not authorized in some details by the statute. The language of Chief Justice BRONSON, writing for the court in *Supervisors of Onondaga* v. *Briggs* (2 Den. 26, 34) is pertinent: " But it is said that the taxation is not conclusive when the officer allows charges which are not authorized by the fee bill; and the reason assigned is, that when the officer goes beyond the fee bill, he has no jurisdiction. * *. * If the argument be carefully analyzed it will, I think, be found to come to this: when the officer decides right, the decision is conclusive; but when he decides wrong, the decision is good for nothing — he has jurisdiction to decide right; but no jurisdiction to decide

wrong. * * * But the power to decide at all, necessarily carries with it the power to decide wrong, as well as right. * * * If it were not so * * * any one might resist it [the determination] at pleasure, under the plea that the court or judge had committed an error."

" The principle is of universal force, that the order or judgment of a court having jurisdiction is to be obeyed, no matter how clearly it may be erroneous." (*People* v. *Sturtevant*, 9 N. Y. 263, 266.) " The court had jurisdiction to make wrong, as well as right, decisions, in all the stages of the prosecution, and whether those were right or wrong cannot be raised on habeas corpus." (*People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559, 574. See further on this subject *Fisher* v. *Hepburn*, 48 id. 41, 52, 53; *Davis* v. *Packard*, 10 Wend. 51, 61; *People ex rel. Gaynor* v. *McKane*, 78 Hun, 154.)

When the Special Term appointed the committee it acted judicially. When it fixed the amount of the bond it likewise acted judicially, even though it acted upon a petition which apparently did not give complete information as to the extent of the estate. The amount of the bond, the statute provides, shall be " fixed by the court." An error in a petition upon which the court acted within the scope of its power does not admit of a challenge to the order made with full jurisdiction of the subject. The court had acquired jurisdiction of the property of the incompetent on deposit with defendant bank as well as of the pension. It had the power to direct the bank to pay that deposit to its officer and it so directed in plain terms. The bank, it seems to me, was required to conform with the judicial direction given, and it certainly incurred no liability to its depositor by conformity. It was not required to review the judicial proceeding which resulted in the order. Unless those required to obey judicial mandates freely indulge in the presumption of underlying regularity, each judicial direction would become a source of new inquiry and dispute ending only in confusion and uncertainty. The rule that the mandate must be obeyed if there was power to make it is the bank's warrant for payment of these funds.

Moreover, it is not alleged here that the estate has been damaged by the amount of the bond fixed in this case or that the bond furnished does not provide recourse for the defalcation which is the only complaint, it seems to me, that the present committee may have with the order or the payment made in pursuance of its terms. It is merely claimed, in the first cause of action, that the bank is still the debtor of the incompetent, treating the committee's act as void, and in the second cause that the bank was negligent in paying under the order. Neither theory is tenable.

Authorities like *Thayer* v. *Erie County Savings Bank* (217 N. Y. 501), where the committee attempted to act without filing a bond as required by the court's order, and *Fidelity & Deposit Co.* v. *Queens County Trust Co.* (226 N. Y. 225), where a bank, having a private and an official account of a trustee in bankruptcy, paid some official checks into the private account without official countersignatures which appeared on many other of the trustee's checks, was deemed to be on notice of the necessity for countersignatures, are not in point. Here the bank did what a court with power told it to do and it ought to be protected in its compliance.

Complaint dismissed. Submit order.