In the Matter of the Appointment of a Committee of the Person and Property of LENORE KATZ, an Alleged Incompetent.

Supreme Court, Special Term, Kings County, December 21, 1944.

*Cullen & Dykman* for committee.

*Hartman, Sheridan & Tekulsky* for former incompetent.

*Milton M. Eisenberg* for Murray Kleinfeld, petitioner and cocommittee.

*Samuel S. Parmet* for Minnie Cohen, cocommittee.

*Casper B. Ughetta*, special guardian.

BROWER, J.   This is an application to judicially settle the account of the committee of the property of a former incompetent, and to fix fees and allowances.   Heretofore, in this proceeding, one Lenore Katz was duly adjudicated an incompetent person on the basis of a verdict rendered on June 6, 1944, by a jury which had been duly impaneled to pass upon her competency.   With regard to the then alleged incompetent's property, the jury also found that she owned a parcel of real estate (of undetermined value), first mortgage participating certificates in the amount of $25,000, stocks valued in excess of $10,000, a bank account containing $30,000, mortgages in the principal sum of $11,000 and that she was a co-owner of United States

government bonds in the amount of $50,000. The testimony adduced with respect to the alleged incompetent's property was inconclusive and uncertain. The whereabouts of the property or in whose possession it might be was lacking.

Under the said circumstances the fixing of counsel fees, disbursements and allowance to the guardian was postponed until such time as the value of the alleged incompetent's property could be ascertained and the final order provided that "the allowance for counsel fees and disbursements and the compensation of the special guardian be deferred until the committee of the property of the alleged incompetent qualifies and secures possession of the assets of the alleged incompetent's estate." The committee subsequently qualified and entered upon the performance of its duties.

On September 2, 1944, the said Lenore Katz was duly adjudged a competent person and the committee of her property was directed to file a final account and to cause the same to be judicially settled. The order of competency further provided that all applications for allowances be made at the time of the said judicial settlement. Accordingly, the final account of the said committee has been filed herein and it is now before the court for settlement along with various claims for allowances.

The final account indicates total receipts of $1,652.77, total disbursements of $859 and a balance of $793.77 on hand. Thus, there appears to be an appreciable disparity between the funds in the possession of the accounting committee and the total indicated assets of the former incompetent. This circumstance will be adverted to at a later point herein.

By way of preliminary objection, the former incompetent opposes the granting of any allowance to the attorney for the petitioner in the incompetency proceeding. Her opposition in this regard is predicated upon the contention that his services as attorney were not rendered in good faith and that they were not conducted for the benefit of the incompetent or for the protection of her rights and interests. After duly reflecting upon the proof presented, the court has concluded that the said charges have not been satisfactorily sustained. On the contrary, there is a sufficient showing herein to justify a finding that the said services were rendered in good faith and in the interest of the former incompetent.

Coming now to a consideration of the claims for allowances and disbursements, the former incompetent urges that the amounts to be allowed may not be in excess of the funds presently in the hands of the accounting committee. In support of such

contention she invokes section 1373 of the Civil Practice Act, which reads in part as follows: " Where a committee of the property is appointed, the court must direct the payment by him, out of the funds in his hands, of the necessary disbursements of the petitioner, and of such a sum for his costs and counsel fees as it thinks reasonable ".

The foregoing provision apparently was designed to provide a quick and convenient method for the payment of certain charges out of funds in the hands of a committee. While the section appears to limit a committee to making payment " out of the funds in his hands," no corresponding restriction is imposed upon the court with respect to the fixation and allowance of fees and disbursements. If the Legislature had intended to impose such a limitation upon the authority of the court, it is fair to assume that it would have so declared in clear and unmistakable language. The omission so to do in my opinion constitutes a complete refutation of the construction which is sought to be placed upon the section by the former incompetent.

The courts have not heretofore recognized any distinction between property which is in the hands of a committee and any other property of an incompetent with regard to their respective or particular applicability toward the payment of the debts of an incompetent. It may be stated as a general rule that all property of an incompetent, wheresoever situated, is properly chargeable with the payment of the expenses of administration of his estate. Quite recently, the Court of Appeals had occasion to declare that the care of the person and estate of. an incompetent belong to the court. (*Matter of Frank*, 283 N. Y. 106, 110.) Also see *Matter of Lofthouse* (3 App. Div. 139, 143) wherein it was stated that upon an adjudication of incompetency the court acquires " complete jurisdiction over the lunatic and his property." In *Carter* v. *Beckwith et al.* (128 N. Y. 312) it was held that fees and allowances in incompetency proceedings constitute proper charges upon the estate and property of incompetents. In similar vein, section 1357 of the Civil Practice Act provides that the court exercising jurisdiction over the property of an incompetent person must preserve it from waste or destruction and out of the proceeds thereof must provide for the payment of the debts, safekeeping and maintenance of the incompetent. In all of the foregoing references it will be noted that the words " property " and " estate ", as used in relation to the assets of the incompetent, are employed in their broad, generic sense, so as to include all species of property of the incompetent, without any differentiation being made

between property in the hands of a committee and property not so situated. Consequently, it follows that the administration expenses necessarily incurred in this proceeding are debts of the former incompetent and all of her property, whether it be in the hands of the committee or elsewhere, is property chargeable with the payment thereof. If the funds in the hands of the committee are insufficient to satisfy the claims allowed herein, then the remainder of her property may be reached for such purpose.

The supervision and control which this court exercised over the person of the former incompetent ceased upon her restoration to competency. Jurisdiction over her property, however, continues until final disposition of all matters relating to the proceeding. Such residual jurisdiction should be limited in exercise and confined to such matters as may be in aid of the former incompetent and her creditors with a view to the ultimate and speedy restoration of the property to her.

The committee of the property may take possession of the former incompetent's property and convert same into cash to the extent that it may be required in order to satisfy the claims as allowed hereinafter. It is recommended that the former incompetent place the said committee in funds sufficient for this purpose. In the event that the latter fails so to do the claimants may, in accordance with the provisions of rule 74 of the Rules of Civil Practice*, separately enter judgments in their respective favors against Lenore Katz, also known as Lenore King, for any deficiency which may be shown to be due to each of them in the final order to be made settling the account of the committee herein.

Counsel fees and allowances, including disbursements, are awarded as follows: to Milton M. Eisenberg, attorney for the petitioner, the sum of $2,500; to Casper B. Ughetta, the sum of $1,000 for services rendered as special guardian; to Dr. Sam Parker the sum of $750 for services rendered as an alienist; all to be made a part of and placed at the foot of the final order of June 21, 1944. No disposition is made with respect to Dr. Parker's claim for professional services rendered in the care and treatment of the former incompetent. He may proceed thereon in any forum as he may be advised.

Objections overruled and the account of the committee judicially settled and allowed as filed. Settle order on notice.

---

* Providing that an order directing the payment of money, other than motion costs, may direct that the same be docketed as a judgment.— [REP.