In the Matter of the Appointment of a Committee of the Person and Property of Lenore Katz, an Alleged Incompetent. Lenore Katz, Appellant; Murray B. Kleinfield et al., Respondents.— Appeal in an incompetency proceeding from an order amending the final order of incompetency by awarding fees to petitioner Murray B. Kleinfield's attorney, the alienist and the special guardian. Order modified on the law and the facts as follows: (1) by adding a provision directing the committee of the property to pay pro rata, out of the funds remaining in its hands, the amounts allowed to the alienist and the special guardian, without prejudice. to any remedies they may have to recover the balances of the fees awarded them and not paid out of funds possessed by the committee; (2) by striking out the allowance made to the attorney for the petitioner, without prejudice to any remedy which the attorney may have against the petitioner; and (3) by striking out so much of the order as permits the entry of judgments for any deficiency. As thus modified, the order insofar as appealed from is affirmed, without costs. The power of the court under section 1373 of the Civil Practice Act summarily to award to the petitioner his necessary disbursements and a reasonable sum for his costs and counsel fees, is limited to the funds in the hands of the committee. This section does not endow the court with power to direct the entry of judgment so as to enable the petitioner or others to reach property of the incompetent of which the committee is not possessed. (*Matter of Frank*, 283 N. Y. 107; see, also, *Matter of James*, 261 App. Div. 480.) Since the record before us indicates that the amounts awarded to the special guardian and the alienist exceed the funds remaining in the hands of the committee of the property, whatever balance is retained by the committee should be prorated to pay in part the amounts awarded to them. While the petitioner would ordinarily be entitled under section 1373 to an award for counsel fees out of the funds in the hands of the committee, his concealment and withholding of the incompetent's assets foreclosed him from asserting this statutory right. (See *Matter of Hidden*, 243 N. Y. 499, 513.) Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur. [184 Misc. 554.]

Lillian Jacobson, by George Jacobson, her Guardian ad Litem, et al., Appellants, v. David Gerber et al., Respondents.— In an action to recover damages for personal injuries, order granting defendants' motion to compel the attorney for plaintiffs to accept service of defendants' answer affirmed, without costs. No opinion. Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.