OPINION OF THE COURT
Richard C. Doherty, J.
The conservator’s petition verified March 8, 1979 requests allowance of commissions and expenses in specified amounts. Due service has been made upon the parties interested and the court has heard the attorneys for the petitioner in support of the petition and has also examined letters submitted March 19, 1979 and March 29, 1979, respectively, by Francis W. Shedd, Esq., and Norman E. Joslin, Esq., attorneys for certain interested parties.
The conservator requests a commission at statutory rates upon the sum total of both the unexpended additions to the estate ($33,061.08) and her actual expenditures therefrom ($14,523.18) during the annual accounting period ending December 31, 1978.
For the reasons below stated, the court determines that such commission may be allowed only upon the said expenditures and may not lawfully be charged with respect to the unexpended accruals or additions to the estate.
*722 The order of appointment herein provided that the conservator would be entitled to the commissions allowed committees of incompetents under article 78 of the Mental Hygiene Law. That statute provides that the compensation of a committee of the property shall be at the same rate as that of an executor or administrator. (Mental Hygiene Law, § 78.21.)
Under SCPA 2307 (subd 1, par [a]) the commissions of an executor or administrator are allowed "[f]or receiving and paying out all sums of money” (emphasis added) at the rates therein set forth. One-half commissions will be allowed on property received and one-half commissions will be allowed upon the part thereof paid out, and the rule is that only property which a committee of the property receives and pays out is subject to commissions. (See 18 Carmody-Wait 2d, NY Prac, § 109:175.) That limitation is binding upon this conservator under the terms of the order appointing her.
The court does not read Matter of James (261 App Div 480), cited by petitioner, as varying the stated rule. In James the issue was whether on settlement of its final account following the death of the incompetent the committee was entitled to commissions on personalty neither liquidated nor reduced to the form of currency in the hands of the committee or, in other words, on all the personalty taken into the committee’s possession. Applying the statutory provision that the value of property and the increment thereof received, distributed or delivered shall be considered as money in computing commissions (now SCPA 2307, subd 2), the court held that in delivering the estate to the legal representatives of the deceased incompetent the committee was "entitled to commissions on all the personalty possessed by it” with the exception of an account receivable which was "never reduced to possession, but remained a mere chose in action in the hands of the committee” (p 483). The instant case is materially distinguishable in that it involves neither unliquidated personalty nor the transfer thereof upon final accounting.
Notwithstanding the commendable care and diligence of her attorneys and herself in discharging the responsibilities of this conservatorship, this court holds that the commissions of the conservator herein for said accounting period are limited by statute to 4% of the sum of $14,523.18 actually received and paid out during such period, which commission totals the sum of $580.93, and may not be allowed upon the additional sums received but not paid out by the conservator.
*723 In all other respects, including the request for the allowance of counsel fees and reimbursement for expenses incurred, the application of the conservator is approved.